SCHOTT, Judge.
Plaintiff originally sued Tac Amusement Company claiming workmen’s compensation benefits for total and permanent disability, resulting from an accident which occurred on the job on October 25, 1971. He subsequently joined as a defendant Operator Sales, Inc., alternatively seeking the same benefits in the event that he was found to have been an employee of that company when the accident occurred. From a judgment in his favor against Tac the latter took an appeal and plaintiff took a protective appeal against Operator Sales in order to preserve his rights.
Plaintiff had been employed to perform heavy warehouse labor consisting of moving coin operated machines which weighed as much as 1500 pounds. In October, 1970, about one year before the accident sued on, plaintiff injured his right knee while in the employ of Tac and was examined by Dr. John Saer, an orthopedic surgeon. Dr. Saer diagnosed chondromalacia of the patella or kneecap in the knee joint. At that time he did not advise surgery. In December, 1970, plaintiff returned with complaints of constant pain in the knee, and on further examination Dr. Saer suggested removal of the kneecap as an alternative to plaintiff’s living with pain. According to the testimony of plaintiff, he returned to work and continued handling these heavy machines until October 25, 1971, when he re-injured his right knee on the job. Dr. Saer examined him in December, 1971, and found that he had a tear of the lateral cartilage which required its removal. At the same time he removed the kneecap. Plaintiff’s post-operative recovery was complicated by the fact that in March, 1972, he suffered a tear of the tendon which had been sutured togeth *342 er. Dr. Saer found that plaintiff still had a considerable amount of weakness in his knee in October, 1972. Dr. Saer’s testimony and that of Dr. Jack Wickstrom, another orthopedic surgeon, who examined plaintiff in October and November, 1973, provided evidence which was sufficient for the trial judge to conclude that plaintiff was totally disabled from doing the work he had been doing before the accident and that his condition was permanent since it resulted from the removal of the kneecap.
The issues to be resolved in the case are, 1) whether or not the accident of October, 1971, caused plaintiffs disability, and 2) whether Tac or Operator Sales was plaintiffs employer so as to be liable in workmen’s compensation.
Defendants contend that the condition of plaintiffs knee which led to the removal of the kneecap was already present when the 1971 accident occurred, having resulted from the 1970 accident. They argue that the removal of the kneecap was incidental to the removal of the torn cartilage in January, 1972, and since plaintiffs disability resulted not from the removal of the cartilage but from the removal of the kneecap the trial court erred in awarding plaintiff disability benefits based on the 1971 accident.
' However, plaintiff testified that he resumed all of his duties about three months after the first accident and continued with them until the second accident. This uncontradicted testimony provided a sufficient basis for the trial judge to conclude that plaintiffs knee condition was at least aggravated by the second accident, and that his disability was the result of this aggravation entitling him to compensation.
On the issue of which company is liable to plaintiff, he testified that he was employed by Tac and he introduced his payroll check stubs and copies of W-2 income tax forms showing that Tac paid his salary. He testified that his general duties involved handling equipment “going and coming into Tac Amusement-Operator Sales” and that the 1971 accident occurred while he was in the process of receiving a juke box into the inventory of Operator Sales from Tac.
Elmo Bienvenue, personnel manager of Tac and Operator Sales, testified concerning the status of and relationship between the companies. Tac, a partnership, was a service company involved in placing machines in locations while Operator Sales, a corporation, was engaged in selling machines to other companies like Tac. A computerized payroll service was utilized for both companies but Tac was reimbursed by Operator Sales for salaries paid to the latter’s employees, including plaintiff. Similarly, Tac paid plaintiff’s medical expenses but was reimbursed by Operator Sales. One group hospitalization policy in Tac’s name covered employees of both companies, but each company paid for its own employees.
We have concluded that there is no evidence to demonstrate that plaintiff was not employed by Tac when the accident occurred. It seems that he was used by both companies interchangeably and his salary was initially paid by Tac. The fact that subsequent reimbursement was made to Tac by Operator Sales could not alter his status as Tac’s employee in the first instance.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.