319 So.2d 563 (1975)
Edward V. WHITE
v.
FREEPORT CHEMICAL COMPANY and Liberty Mutual Insurance Company.
No. 6929.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1975.
Rehearing Denied October 9, 1975.
Writ Refused November 21, 1975.
Joseph A. Gladney, Baton Rouge, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John C. Combe, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, STOULIG and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against his employer, Freeport Chemical Company, and the latter's workmen's compensation insurer, Liberty Mutual Insurance Company, to recover workmen's compensation benefits for total and permanent disability resulting from a ruptured intervertebral disc. He also seeks medical expenses as well as penalties and attorney's fees for alleged arbitrary refusal to pay benefits. Defendants answered, denying plaintiff had received *564 an injury compensable under the Louisiana Workmen's Compensation Statute. Subsequently, they filed an exception of prescription, which the trial judge referred to the merits.
After a trial on the merits, the defendants' exception of prescription was pretermitted and judgment was rendered in favor of defendants dismissing the suit. Plaintiff has appealed from that judgment.
The record leaves little doubt plaintiff sustained a ruptured intervertebral disc and was disabled thereby. The primary issue is whether that injury was sustained during the course and scope of his employment with Freeport. Since we are in accord with the trial court's holding that plaintiff did not meet his burden of proving this element of his case, we also pretermit the issue of prescription.
Plaintiff claims he injured his back by lifting a sack of cement while performing services for his employer. Admitting the injury was not incurred in the presence of anyone, he invokes the jurisprudential rule in workmen's compensation cases, that the plaintiff's testimony alone is sufficient to establish the occurrence of the accident if his testimony is supported by the surrounding circumstances and if there is no evidence to discredit his testimony on the point.[1]
Plaintiff testified: While working on the defendant's premises on June 3, 1969, he felt a sharp pain in his lower back on lifting a 100 pound sack of cement. He reported the accident that day to Kermit Craemer, his supervisor at the time, who instructed him to notify his regular supervisor, A. W. Grille. Unable to find Grille, he made no further complaint that day. He again reported the accident to Craemer on the following day, June 4, 1969, and indicated the pain was worse. Later that day he was unable to work and, in the absence of Grille, reported the accident to K. M. Shannon and Earnel Terry, both of whom were supervisory employees. These men made arrangements for him to be driven by Donald Forsythe, a fellow employee, to the office of Dr. Carl J. Poche, who had agreed to treat defendant's employees while the company's regular doctor was on vacation. He also reported the accident to Gainer Gremillion and K. M. Shannon when they visited his home on June 19 or 20. Plaintiff further states that while Donald Forsythe was driving him to Dr. Poche's office he told Forsythe he had been injured on the job, and likewise related to Dr. Poche on his first visit on June 4 that he had sustained an injury on the job.
The testimony of these witnesses failed to substantiate plaintiff's testimony except to confirm he was complaining of pain in his back on June 4. Craemer, the foreman on June 4, testified plaintiff had worked for him the previous Friday, May 30, with no complaint of pain; that on Monday, June 2, he complained of pain in his leg before beginning work; and upon being asked if he had hurt his leg on the job, plaintiff replied he did not know. Craemer denied plaintiff ever complained of back pain to him on either June 3 or June 4.
Earnel Terry, general maintenance foreman for defendant, testified that on June 4 he was met by plaintiff who was complaining of pain in his back and requested permission to go home. However, Terry specifically denied plaintiff told him he had injured his back while moving a sack of cement.
Donald Forsythe, the defendant's employee who drove plaintiff to Dr. Poche's office on June 4, was questioned with regard to any statements made by plaintiff *565 on the way to the doctor's office. Forsythe unequivocally stated plaintiff did not relate his pain to any injury on the job but instead stated he simply woke up during the night with his leg hurting him.
Both Gremillion and Grille testified that at no time did plaintiff make any report to them of having injured his back while lifting a sack of cement during the course of his employment with the defendant.
Plaintiff's testimony at the trial is also contradicted by the medical history given by him to Dr. Poche on June 4, 1969. Dr. Poche testified he questioned him on that day and at that time plaintiff "stated he had no definite history of an injury and lifting with pain . . ."
Plaintiff relies heavily on a document identified as a first report of an injury. The report was prepared by Elizabeth Alexander, a company nurse. It indicated plaintiff was injured while lifting a sack of cement. However, Mrs. Alexander testified she was on vacation on, and for sometime subsequent to, June 3, 1969 and therefore she had no personal knowledge of the incident about which she prepared the report. She was told to make the report, for company and insurance purposes, by Dr. Poche, who told her plaintiff had made such a claim on a subsequent visit to him after plaintiff had received an examination at Charity Hospital in New Orleans indicating the existence of a ruptured disc. As the trial judge points out in his Reasons for Judgment, the initial medical history recorded by Dr. Poche at an unsuspicious time is the reliable evidence and that part of the first report by the company nurse which indicates plaintiff was injured by lifting a sack of cement only reflects information given by plaintiff to Dr. Poche subsequent to plaintiff's first visit to that physician.
The evidence also shows the plaintiff operated a bar prior to June 3, 1969, and performed all duties incident thereto, including stocking shelves, packing boxes, and lifting cases. In addition, he performed such manual tasks as automobile repair for family and friends and yard maintenance for his brother. There is no evidence to show a specific accident or injury in connection with any of these activities. However, plaintiff admitted he had back and leg pains while working for defendant before June 3, 1969 but related these complaints to a prostate condition.
In his Reasons for Judgment the trial judge stated he was unable to find plaintiff had met the burden of proving he sustained an injury during the course of his employment with the defendant. The primary basis for that conclusion was the medical history given by plaintiff to Dr. Poche at his initial examination on June 4, 1969, combined with the complete absence of testimony corroborating plaintiff's subsequent version of the incident by which he ascribed his injury to the lifting of a sack of cement.
While the courts construe procedural rules liberally in favor of workmen's compensation claimants, they do not relax the burden of proof, placed equally on such claimants and on claimants in other civil matters, that they must prove their cases by a preponderance of the evidence. Consequently, the testimony as a whole must show more probably than not that an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fall if the evidence shows only the possibility of an accident or leaves it to speculation or conjecture.[2]
*566 In view of the inconsistencies in plaintiff's own testimony, the lack of corroboration of his account of the alleged accident, and the conflicting testimony given by at least eight other persons, even considering the matter in the light most favorable to the plaintiff, the evidence in its entirety leaves the probability of an injury on the job either equally balanced with, or less than, the probability that the injury in suit did not occur on the job. We agree with the trial judge's conclusion that the plaintiff failed to carry his burden of proving his case by a preponderance of the evidence.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Montgomery v. Delta Concrete Products Co., Inc., La.App., 290 So.2d 769; Clement v. Fidelity & Casualty Co. of New York, La. App., 220 So.2d 575; Hayes v. Louisiana Irrigation & Mill Company, La.App., 168 So.2d 396; Gray v. Southern Farm Bureau Casualty Ins. Co., La.App., 134 So.2d 588.
[2] Prim v. City of Shreveport, 297 So.2d 421 (S.Ct.1974); Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151; Helbert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286; Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131.