PRICE, Judge.
Herman Meador has appealed the rejection of his claim for workmen’s compensation benefits for a total and permanent disability.
The issue is whether plaintiff has borne the burden of proving his disability resulted from an accidental injury- in his employment with defendant International Paper Company. The trial court held that plaintiff failed to sustain this burden.
Plaintiff contends he injured his back while performing heavy labor on June 28, 1974, and has been permanently disabled since that date. Plaintiff worked for defendant at its Bastrop mill as a pipe fitter for more than thirty years. He has a long history of back problems beginning with an on-the-job injury in 1965. During that year, he underwent surgical removal of three intervertebral discs. He again submitted to surgery in 1970 for the removal of two more discs. After recovery from these surgical procedures, plaintiff continued his employment with defendant as a pipe fitter until August, 1974, at which time he applied for and was granted sickness and disability benefits under a company policy.
The trial judge rejected plaintiff’s demands for these reasons:
The total evidence here falls short of meeting plaintiff’s burden. Prior surgery and steady degeneration had unquestionably brought about a chronic and fragile condition in his back. In a medical sense, it could even be said that he was substantially “disabled” during the period of 1970-1974. Nevertheless, he was regularly employed at his regular job and periods of exacerbation apparently developed both with and without regard to his employment activity. To the extent that it can be traced in this record, his medical history may also be said to support the inference that he was more likely to encounter difficulty during or following the more physically strenuous requirements of his work. Yet, with rest and conservative treatment when necessary, as well as caution and judicious conduct on his part, he did quite well— apart from numerous other health problems not associated with his back.
*999 The only evidence of an accident and any new or different or more disabling condition appears in the testimony of plaintiff and his wife. Not only is that testimony conflicting and unsatisfactory in some respects, but it is either not supported or is directly contradicted by all other evidence. Moreover, plaintiff has at different times presented contradictory claims and had admitted under oath his tendency to provide information according to his view of his best interests at that moment. Though possible, a conclusion that plaintiff suffered an accident as alleged and that he is now totally disabled to perform his skill would require speculation and conjecture. Certainly, such a conclusion cannot be considered more probable than not on this record. Plaintiffs demands must be rejected.
These findings of the trial judge are based on a reasonable evaluation of the credibility of testimony and reasonable inferences of fact and, in accord with the rule of Canter v. Koehring Co., 283 So. 2d 716 (La.1973), must be affirmed.
Plaintiff made no report of an accidental injury to his back to his supervisor or to first aid in accord with company regulations with which he was thoroughly familiar. He contends he was assisting a fellow employee install a heavy valve under a paper machine at the time of injury. This employee could not recall plaintiff telling him that he had hurt his back, although he could remember working with plaintiff in installing the valve. Plaintiff was admitted to Glenwood Hospital in West Monroe the day following his alleged accident. He sought treatment for a possible heart condition or kidney stones and gave no history of having sustained an accidental injury at work the day before.
Two weeks later, upon discharge from the hospital, plaintiff contacted defendant’s first aid department through his wife who made no report of plaintiff having had an accident at work.
On August 14, 1974, plaintiff applied for sickness and accident benefits and certified in his application that his sickness or injury did not arise out of his employment. The physician who examined plaintiff in connection with this application described his incapacity to be due to arthritis and hypertension.
In January, 1975, when applying for permanent disability benefits under a policy covering mill employees, plaintiff again certified his disability was not due to an accident.
These inconsistencies and contradictions are sufficient to justify the adverse findings of fact on which the trial judge rejected plaintiffs demands. See Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
The judgment is affirmed at appellant’s cost.