CULPEPPER, Judge.
This is a workmen’s compensation suit. The district judge found plaintiff failed to prove a work-related accident or injury. From a judgment denying her benefits, plaintiff appealed. We affirm.
On Thursday, May 11, 1978, plaintiff was employed as an assembly line worker at defendant’s furniture plant in Pineville, Louisiana. Shortly before quitting time, plaintiff was instructed to assist a fellow worker, James Gill, in unloading some chests of drawers. According to plaintiff, it was during the unloading that her foot slipped and she heard a popping sound in her back. On direct examination, plaintiff testified that she immediately felt pain and told her co-worker about it. On cross-examination, plaintiff testified that she did not feel any immediate pain but told James Gill about the popping in her back. Testifying for the defendant, James Gill stated that plaintiff did not mention anything about an accident or pain in her back until the following Tuesday morning.
Plaintiff did not inform any supervisory personnel of the accident prior to leaving work on Thursday. She explained that she did not do so because when she had been injured on a previous occasion, her supervisor, Jarrell Clark, had told her to wait and see if she was actually hurt before reporting an accident. At trial, Clark denied having told plaintiff to wait before reporting an accident.
Plaintiff testified that by Thursday evening the pain in her back increased to the point that she had to stay in bed. Plaintiff *DLXXXV did not return to work until Tuesday, May 16, 1978. Mrs. Evelyn Lachney, plaintiff’s mother-in-law, testified that from the day of the accident to the present, she has performed all of plaintiff’s household chores and that, when at home, she has not seen plaintiff get out of bed except to use the bathroom.
Plaintiff did not report any accident upon returning to work on May 16. She did complain of a general back pain to Joe Johnson, a co-worker, when he instructed her to continue unloading chests. However, plaintiff was able to begin her duties for the day, which consisted of dipping drawers in shellac, without any noticeable pain. Johnson denied that plaintiff ever told him about an accident.
While plaintiff was dipping these drawers, she was approached by Jarrell Clark, her immediate supervisor, who reprimanded her concerning her poor work attendance. Plaintiff did not mention her back problem or the alleged accident to Clark at this time. Later in the morning, plaintiff approached Clark and told him that she had hurt her back on May 11 and could no longer work.
As a result of her complaints, plaintiff was examined by four physicians. Dr. Rayburn, the company doctor for defendant, Baker Manufacturing, was of the opinion that plaintiff had a possible mild lumbar sacral strain. Dr. Davidson, who testified for the plaintiff, treated her while a resident in orthopedic training at the Huey P. Long Memorial Hospital. He was of the opinion that the plaintiff had a back sprain. Dr. Lowrey, an orthopedic surgeon, who testified for the defendant, examined the plaintiff for an evaluation as a referral from Dr. Rayburn. He testified that there were multiple discrepancies and inconsistencies between what he observed and the symptoms as described by the plaintiff. He further testified that he was unable to give an adequate evaluation due to plaintiff’s voluntary interference. Dr. Gamburg, also an orthopedic surgeon, was of the opinion there was no data to support plaintiff’s claim. He stated that if there was any problem, there was a “strong element of exaggeration or embellishment of her complaints”. The testimony of Drs. Gamburg and Lowrey was found by the trial judge to be of greater value than that of the other two physicians.
In his reasons for judgment, the trial judge states:
“Out of deference to the plaintiff the Court took the matter under advisement and gave it careful consideration but must state that the Court is of the same belief as it was when the trial concluded, and that is that the plaintiff did not have an accident and that plaintiff does not have an injury.
“Just very frankly, I didn’t believe what the plaintiff was saying nor what her mother-in-law was saying when she was corroborating the plaintiff.
“The plaintiff has a very poor work record and has been reprimanded many times by her supervisors for her absences, her tardiness and her early departure from the job. On the last day that she was reprimanded she retaliated and told the supervisor that if he was going to get bitchy she would too, or words to that effect, and then complained she had had a back injury.
“She was contradicted in every bit of her testimony whereby she purported to support her contention that she had been injuryed on the job by the other employees at Baker Manufacturing Company. “Furthermore, this Court is of the opinion that she is not injured. The plaintiff came into court on a crutch and when she would go to and from the witness stand or in and out of the courtroom she presented the most grotesque appearance I have ever seen in court. Also while she was on the witness stand I observed her very carefully and made note at the time that she sat erect with no list and that she gave no indication of any discomfort during the time she was on the witness stand. She was on the witness stand from between 45 and 50 minutes. “This Court is familiar with Drs. Lowrey and Gamburg, both of whom are orthopedic surgeons practicing in Alexandria. *DLXXXVI Dr. Lowrey gave no opinion as to the woman’s physical condition because she was putting on so much he couldn’t examine her (this certainly corroborates the Court’s opinion that this woman is not worthy of belief). Dr. Gamburg could not find anything wrong with the plaintiff. An orthopedic resident at Huey P. Long Memorial Hospital seemed to be of the opinion that the plaintiff did have some disability. This Court would certainly accept the testimony or the opinion of either Dr. Lowrey or Dr. Gamburg over that of this orthopedic.”
In the recent case of Leleux v. Lumbermen's Mutual Insurance Company, 318 So.2d 15 (La.1975) our Supreme Court restated ás follows the employee’s burden of proving a work-related accident:
“[3] It is well established, however, that for recovery under the Workmen’s Compensation. Act, there must be proof of a causal connection between the employment and the accident. Prim v. City of Shreveport, La., 297 So.2d 421 (1974); Campbell v. Kansas City Southern Railroad Co., La.App., 297 So.2d 798 (1974). In Prim, we stated:
“ ‘Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff’s case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Jordan v. Travelers, 257 La. 995, 245 So.2d 151 (1971); Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Hogan v. T. J. Moss Tie Co., 210 La. 362, 27 So.2d 131 (1946); White v. E. A. Caldwell Contractors, Inc., La.App., 276 So.2d 762 (1973); Richard v. Guillot, La.App., 271 So.2d 719 (1972); Nellon v. Harkins, La.App., 269 So.2d 542 (1972).’ ”
Our review of the record establishes that the trial court was not manifestly erroneous nor clearly wrong in finding plaintiff failed to prove a work-related accident. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.