390 So.2d 948 (1980)
Larry HALL, Plaintiff-Appellant,
v.
GEORGIA-PACIFIC CORPORATION, Defendant-Appellee.
No. 14308.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1980.
Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
Colvin, Hunter, Brown, Plummer & Means by Robert E. Plummer, Mansfield, for defendant-appellee.
Before PRICE, HALL and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Plaintiff appeals from a lower court judgment rejecting his claim for workmen's compensation benefits allegedly due because of the aggravation of a pre-existing shoulder injury while working for defendant. He contends that the trial judge erred in concluding that the claimant had failed to prove by a preponderance of the evidence that an accident occurred on the job.
We affirm.
Examination of the record reveals that plaintiff, a 27 year old male, was employed on July 2, 1979 to work as a utility man at defendant's plant near Logansport, Louisiana. Some two years prior thereto plaintiff had been involved in an automobile accident, sustaining a severe injury to his left shoulder which required surgery and continuing medical care at the L.S.U. Medical Center until a short time before plaintiff's employment by defendant. The fact of the prior injury was not revealed to defendant when plaintiff completed his pre-employment application form.
*949 Plaintiff's job duties with defendant entailed the use of both hands to pull green veneer plywood strips, usually weighing less than two pounds each, off a conveyor belt and stacking them on pallets. There were five other employees working on this particular conveyor belt. On the second day of his employment plaintiff informed his foreman of his previous injury and requested that he be permitted to change his position to the other side of the conveyor belt because "he wasn't very fast with his left hand."
It was plaintiff's testimony that he had been working for about an hour on July 13, 1979 when he experienced a sudden "popping" sensation in his left arm, followed immediately by the onset of pain in that area. He promptly went to the foreman, Rushing Lambert, and requested medical forms. Plaintiff asserted that upon being queried about the reason for this request he explained that his shoulder was "popping and hurting." Lambert conceded that plaintiff asked him for the medical forms but categorically denied that he made any complaint about an injury. According to Lambert, plaintiff stated that he just desired a medical check-up. Since defendant did not furnish its employees this benefit, Lambert sent plaintiff home. Lambert testified positively that he asked plaintiff if he had been hurt and the answer was an unequivocal "no."
Plaintiff visited with Jack Dean, defendant's personnel manager at the Logansport plant, on July 16, 1979 for the avowed purpose of securing medical forms. According to plaintiff this request was refused. Dean denied that plaintiff asked for medical forms, testifying that plaintiff simply stated his impression that he had been hired for light duty only. Dean also denied that plaintiff informed him that he was injured on the job on July 13.
Upon examining plaintiff's personnel file and concluding that he had falsified the information supplied therein by failing to reveal the occurrence of the prior injury, Dean terminated plaintiff's employment with defendant on July 16, 1979. Dean averred that his first notice of the claimed accident and injury came in a demand letter dated September 6, 1979 from plaintiff's attorney. Upon rejection of the claim this suit was filed on October 4, 1979.
Plaintiff consulted Dr. Harold R. Bicknell on July 18, 1979, giving a history of having been hurt while working for defendant on July 13, 1979 and complaining primarily of pain in the left shoulder. Upon the basis of the history and subjective complaints of pain, Dr. Bicknell concluded that plaintiff had sustained an aggravation of his previous injury.
Dr. Bicknell again examined plaintiff on September 10, 1979 and found some tenderness on the left side of the collarbone. It was his opinion that plaintiff had probably sprained his left shoulder and that the pain associated with this shoulder would subside within six to eight weeks. Summarizing his findings, Dr. Bicknell stated:
"I think he had strained himself with his work, and I think this caused him some pain in this area. But as far as any real severe injury, I did not see any evidence of this. I felt that he was back essentially as he had been ... before he had his injury to this area, but he was probably going to have some pain and some discomfort in this thing even no matter what we did for him or what anyone else did for him in that area ... I'm sure he had some pain ... initially from his injury. I think he had a problem in that area that probably caused his some pain or some discomfort ... even prior to the injury."
La.R.S. 23:1031 provides that workmen's compensation benefits are due employees who receive "personal injury by accident arising out of and in the course of his employment." (emphasis added)
"Accident" is defined as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury." La.R.S. 23:1021(1).
Our jurisprudence has given an extremely broad interpretation to the definition *950 of "accident", holding that strain or exertion can supply the necessary violence. Dortch v. La. Central Lumber Co., 30 So.2d 792 (La.App. 2d Cir. 1947). Furthermore, "when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown, the statutory requirements for an accidental injury are present." Ferguson v. HDE, Inc., La., 270 So.2d 867 (1972).
The principle that the employer takes the employee as he finds him is firmly established in our jurisprudence. Behan v. John B. Honor Co., 143 La. 348, 78 So. 589 (1918); Price v. Houston Fire & Casualty Ins. Co., 155 So.2d 213 (La.App. 3rd Cir. 1963); Williams v. Liberty Mutual Ins. Co., 327 So.2d 462 (La.App. 3rd Cir. 1976); Cadiere v. West-Gibson Products Co., Inc., 364 So.2d 998 (La. 1978).
The employee's pre-existing deficiency may result either from disease or from a previous injury. Compensation has been awarded to an employee for disability produced by an employment-related accidental injury which combined with an old back injury, Duncan v. R. J. Reynolds, Inc., 305 So.2d 707 (La.App. 4th Cir. 1974), and for the aggravation of a prior knee injury, Hayes v. Tac Amusement Co., Inc., 349 So.2d 340 (La.App. 4th Cir. 1977).
Discussing the employee's burden of proof in workmen's compensation cases, the Louisiana Supreme Court in Prim v. City of Shreveport, 297 So.2d 421 (La.1974), stated:
"Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture...."
In determining whether the claimant has discharged his burden of proof, the Louisiana Supreme Court in West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979), held:
"... the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony."
The court further explained:
"It is true that, `The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable.' Cadiere v. West Gibson Products Company, 364 So.2d 998, 999 (La.1978) (Italics ours). However, the appellate court is not required by this principle to affirm the trier of fact's refusal to accept as credible uncontradicted testimony (Johnson, cited below), or greatly preponderate objectively-corroborated testimony (Arceneaux, cited below) where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principle. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973)." p. 1150.
In Hand v. Reeves, 378 So.2d 1064 (La. App. 2d Cir. 1979), we affirmed a trial court's rejection of appellant's claim for workmen's compensation because of factors [past life-style and numerous claims for workmen's compensation for back injuries] which "detracted from plaintiff's credibility to the extent that his testimony alone ... was insufficient to establish a compensable accident."
Contradictions of and discrepancies in the testimony of the claimant in Charleston v. Nabors Trailers, Inc., 381 So.2d 894 (La. App. 2d Cir. 1980), were deemed to be "circumstances *951 casting suspicion on the reliability of this testimony."
In this case the trial judge, in a well-reasoned opinion, recognized that plaintiff's testimony alone might have been sufficient to establish the occurrence of an accident, but concluded that this testimony was discredited by the failure of plaintiff: (1) to report his accident to defendant; (2) to call any co-employee as a witness; (3) to explicitly tell Dr. Bicknell of his arm "popping"; and (4) lack of strenuous nature of plaintiff's job duties.
Our examination of the record indicates that the trial judge had sound reasons for rejecting plaintiff's testimony relating to the occurrence of the accident and properly applied correct legal principles in holding that plaintiff had failed to discharge his burden of proving by a preponderance of the evidence that he had been involved in an accident while working for defendant. Along with the suspicious circumstances listed by the trial judge, we also note plaintiff's false statement in his employment application to the effect that he had no previous injury; the direct contradiction by Lambert and Dean of plaintiff's assertion that he reported his accident to the defendant; plaintiff's failure to call any family member or friend to testify concerning his condition when he went home from work on July 13, 1979, the date of the alleged accident; and plaintiff's lack of a work history for two years prior to the alleged accident and for the time thereafter.
For these reasons, we affirm the judgment of the trial court at appellant's cost.