399 So.2d 216 (1981)
Robert JONES, Plaintiff-Appellant,
v.
Adriel ALEXANDER d/b/a White's Auto Store, Defendant-Appellee.
No. 14517.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1981.
Writ Denied June 5, 1981.
Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Joseph A. Reeves, Jr., New Orleans, for defendant-appellee.
*217 Before PRICE, MARVIN and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiff, Robert Jones, filed this suit against his employer, Adriel Alexander, to recover worker's compensation benefits for total and permanent disability resulting from injuries to his back. He also seeks medical expenses as well as penalties and attorney fees for alleged arbitrary refusal to pay benefits. Defendant denies plaintiff received any injury compensable under the Workmen's Compensation Statute. From a judgment rejecting plaintiff's demand, plaintiff has appealed. We find no error and affirm.
Plaintiff contends he injured his back on February 12, 1979, while helping a fellow employee unload a 300 pound wood burning heater from the back of a truck at defendant's place of business. Defendant operated a White's Auto Store in Jonesboro. Plaintiff was employed as a general laborer and performed such tasks as assembling and servicing bicycles and lawnmowers. Plaintiff's duties frequently involved moving heavy objects.
Plaintiff testified generally as follows: That on the morning of the alleged accident he had gone to work at 8:00. Defendant asked him to go with him to pick up two wood burning heaters at about 9:00 or 9:30. He assisted defendant in loading the two heaters onto the truck and drove back to the store where defendant backed the truck up to the front entrance. He contends that they unloaded one of the heaters without incident. Defendant's son, Larry Alexander, helped plaintiff in unloading the second heater. Plaintiff contends that he had to twist and step around a flower bed located near the front of the store, and in doing so he hurt his back. Plaintiff testified that the pain was slight at this time and he said nothing to anybody. However at about 10:30 or 11:00 his back began hurting and he informed Larry that he had hurt his back and he was going home. Plaintiff testified that he has been unable to work since February 12, 1979, and had declined an offer by defendant to return to work for this reason.
The only witnesses to the alleged accident other than plaintiff were the defendant and his son, Larry Alexander. Both testified that their observance of plaintiff during the unloading revealed no outward manifestation of injury. Defendant testified that he was not aware that plaintiff was complaining of a back injury until about 4:00 in the afternoon when he was told that plaintiff had gone home before lunch. Mrs. Montez Cook, a fellow employee, testified that she observed defendant after the accident and before he went home and noticed nothing unusual. Defendant testified that he went by plaintiff's house after the store was closed at approximately 5:30 and recommended a chiropractor to plaintiff.
Subsequent to February 12, 1979, plaintiff indicated to several persons who testified at trial that he had injured his back on the job. Plaintiff contends that the evidence shows that he had been physically healthy as to any back injury prior to February 12, and since the accident he has been unable to return to work due to his painful back condition.
The only evidence presented as to the work-related injury itself was the testimony of plaintiff. The trial court rejected plaintiff's demands after concluding that plaintiff's testimony alone was insufficient to carry his burden of proving a job-related accident in view of the discrepancies in and contradictions to his testimony.
The issue on appeal is factual: Did the trial court err in holding that plaintiff failed to prove a work-related injury?
The principal assignment of error is that the trial judge was incorrect in holding that plaintiff had failed to prove by a preponderance of evidence that he was injured within the course and scope of his employment. Plaintiff contends that the presumption enunciated by the Supreme Court in Lindsey v. H. A. Lott, Inc., 387 So.2d 1091 (La.1980) is controlling:
... This court has held, however, that a claimant's disability is presumed to have resulted from an accident if, before *218 the accident, the injured person was in good health, the symptoms of the disabling condition appearing after the accident and manifesting themselves continuously afterwards, providing there is a reasonable possibility of causal connection between the accident and the disabling condition....
Plaintiff further contends that the trial court erred in failing to accept as credible the testimony of plaintiff in light of this court's prior holding in Lattin v. HICA Corp., 384 So.2d 479 (La.App. 2d Cir. 1980), set aside and remanded, Lattin v. HICA Corp., 395 So.2d 690 (La.1981), wherein it was stated:
... An appellate court is not required by the manifest error principle or by the clearly wrong principle to affirm a trier of fact's refusal to accept as credible, uncontradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for the rejection and where the factual finding was reached by overlooking applicable legal principles.... (Emphasis added)

At the outset we note that the cases cited by plaintiff are inapplicable to the present situation. In Lindsey and in Latin it was not disputed that the plaintiff had incurred an accident while on the job, the issue being whether the conceded accident caused disabling pain and suffering. In the case before us, the defendant has steadfastly denied that plaintiff has suffered a work-related accident and therefore the direct issue is whether plaintiff has sustained an accident in the course and scope of his employment. The trial judge's evaluation of the evidence revealed discrepancies and inconsistencies in plaintiff's testimony. With this we agree, and therefore feel that Latin is not controlling.
This court has recently had occasion to reiterate the legal principles we find are applicable to the instant case:
Discussing the employee's burden of proof in workmen's compensation cases, the Louisiana Supreme Court in Prim v. City of Shreveport, 297 So.2d 421 (La. 1974), stated:
"Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture...."
In determining whether the claimant has discharged his burden of proof, the Louisiana Supreme Court in West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979), held:
"... the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony."

Hall v. Georgia-Pacific Corp., 390 So.2d 948 (La.App. 2d Cir. 1980).
In the trial court's reasons for judgment he listed the following evidentiary elements as casting suspicion on plaintiff's claim:
1. According to plaintiff's medical expert, Dr. Donald W. Irby's deposition, page 3, plaintiff stated that he had injured his back loading (not unloading) the stoves on the defendant's truck and had:
A. An "abrupt onset of back and left leg pain" (emphasis added) and
B. So severe "it made him nauseated";
This testimony contrasts with plaintiff's under oath and that of those who were present at the time in question or saw plaintiff shortly thereafter.
2. Although the myelogram and EMG were negative, plaintiff complained of pain, etc., but when advised that *219 an exploratory operation of the lower back would be necessary unless he improved in two weeks "... he had had rather marked improvement..." when the two weeks were up.
3. He and his present wife had been living together unmarried for several years, she bearing his children, while she drew welfare payments. At the time of this suit, they were the subject of a welfare fraud investigation and had only recently married.
Plaintiff admitted on the stand that he had falsified rental receipts, making it appear to the welfare department that his "live-in" was paying him rent for the home in which she and his children purported to live by themselves; whereafter he deposited the money she paid him into their joint account. In fact, he was living there also.
4. His wife testified that in response to a question from her welfare worker about the plaintiff's failure to work she described him as follows:
A. He is too lazy to work, or
B. "He has a bad case of the lead."
She did not advise the investigator that plaintiff was unable to work because of the alleged injury!
5. He testified that he had no prior back injuries, whereas the evidence established that a year earlier he had missed two to three days as a result of a back injury working for Robert Walker in February, 1978. This testimony was offered by Rev. Woodard C. Mixon with whom he was working at the time. Mr. Mixon also testified that plaintiff had injured his back a month earlier in January, 1978.
6. He testified that he lied to his employer during the trapping season of 1978-1979 in order to justify a day off, telling the defendant that someone hit him in the head while he was tending his traps, knocking him unconscious.
7. He testified that he had not been deer hunting after the alleged injury, whereas there was extensive evidence establishing to this [trial] Court's satisfaction that he had in fact been deer hunting several times.
8. He first testified that his employer had not given him the opportunity to return to work under most considerate circumstances, and thereafter admitted that he had in fact received such an offer.
As noted by the trial judge, plaintiff's credibility was further impeached by evidence which established that plaintiff had dragged a 200 pound hog he had killed out of the woods. Although denying that he had been hunting and insisting that his son had killed the hog, plaintiff did not produce this son or any other witness to corroborate his story.
We find that the trial court's factual findings are supported by substantial evidence, and that there has been no abuse of discretion in the credibility evaluation. In addition to evidence already mentioned which we find casts great suspicion on the credibility of plaintiff, the record reveals that plaintiff intimidated and threatened witnesses and relatives whose testimony was damaging to his claim.
The jurisprudential rule that the testimony of the workmen's compensation claimant is enough by itself to prove by a preponderance the work-accident is subject to two caveats:
First, there must be no other evidence sufficient to discredit or cast serious doubt upon the claimant's version of the event.
And second, his testimony must be corroborated by the circumstances following the alleged event.
Malone-Johnson, "Workers' Compensation Law and Practice," 2d Ed., La.Civil Law Treatise, Vol. 13, § 253, and cases cited therein.
In addition to the examples cited in Hall, supra, other recent illustrations of the application of this principle can be cited. In Lachney v. Baker Mfg. Co., Inc., 377 So.2d 504 (La.App. 3d Cir. 1979), writ refused 379 So.2d 10 (La.1980), the compensation claimant's *220 version of the alleged work-accident was not accepted because the judge felt that he could not be believed. In Meador v. International Paper Co., 348 So.2d 997 (La. App. 2d Cir. 1977), the plaintiff failed to prove the work-accident by a preponderance because his testimony was contradicted and uncorroborated. White v. Freeport Chemical Company, 319 So.2d 563 (La.App. 4th Cir. 1975), writ refused 323 So.2d 132 (La. 1975), and Calais v. Petroleum Helicopters, Inc., 330 So.2d 408 (La.App. 3d Cir. 1976), provide further examples where the sole evidence as to the work-accident was the plaintiff's testimony which was insufficient to carry his burden of proof because the claimant's version was uncorroborated and contradicted.
In this case the credibility of plaintiff has been thoroughly impeached. Since the testimony presented which would tend to corroborate plaintiff's account of the alleged accident is based on plaintiff having told, and not demonstrated to, these witnesses that he had hurt his back, their testimony is of little significance. Although plaintiff testified that his activities were reduced after the accident due to his physical condition, this testimony was contradicted by evidence to the contrary (such as his driving long distances, towing vehicles, driving his jeep across rough terrain, attempting to uproot large shrubbery with the jeep, and hunting deer and hogs.)
The trial court's refusal to accept plaintiff's testimony as credible is a reasonable evaluation in light of the substantial evidence in the record which casts serious suspicion on the veracity of plaintiff.
For the foregoing reasons, the judgment is affirmed at appellant's cost.