407 So.2d 1330 (1981)
Alfred P. CROCHET, Jr., Plaintiff-Appellant,
v.
AMERICAN TOBACCO COMPANY, Defendant-Appellee.
No. 8559.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*1331 Baggett, McCall, Singleton, & Ranier, Drew Ranier, Lake Charles, for plaintiff-appellant.
Stockwell & Associates, John S. Bradford and Robert S. Dampf, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
Plaintiff, Alfred Crochet, Jr., instituted this suit against defendant, American Tobacco Company, contending that he is entitled to workmen's compensation benefits due to a back injury allegedly sustained while plaintiff was in the course and scope of his employment with defendant. Plaintiff additionally prayed for an award of penalties and attorney's fees contending that the defendant was arbitrary and capricious in its refusal to pay benefits allegedly due. The trial court denied plaintiff's claim for benefits as well as his demand for penalties and attorney's fees. Plaintiff appeals from that judgment.
The record indicates that at the time of the alleged accident, plaintiff was employed by the defendant as a traveling sales representative. Plaintiff's job duties included calling upon numerous businesses in the southwest Louisiana area to insure that such businesses were adequately stocked with defendant's products; maintaining accurate daily reports of such calls; setting up product displays; and, providing product promotional materials. Crochet was provided a company automobile for transportation purposes. Plaintiff testified that on September 19, 1980, while traveling from Sulphur to Lake Charles, to exchange certain cigarette stock at Schlesinger's Wholesale, he had a tire blowout which necessitated that he change the damaged tire. Crochet stated that he injured his back while attempting to throw the damaged tire into the trunk of his company car after he had mounted the spare tire on his vehicle. Plaintiff stated that, although injured, he continued to make a few business calls that day, however, at about 1:30 p. m. he was forced to return home due to the substantial *1332 pain in his back. Plaintiff indicated at trial that he did call at Schlesinger's Wholesale where he told an employee there, Greg Gerard, about his injury. Plaintiff stated that he had to rely upon Gerard to load his cigarette stock into his car due to his back pain. Plaintiff did not return to work until October 14, 1980. Crochet worked from that date until he was terminated on October 21, 1980 for reasons unrelated to his alleged back injury.
The record reflects that Crochet was paid workmen's compensation benefits for approximately eleven weeks after the accident totaling $1,804.00 and medical expenses in the sum of $250.11.
The trial court, in dismissing plaintiff's suit, concluded that he failed to establish by a preponderance of the evidence that he was disabled as the result of an accident which occurred during the course and scope of his employment with the defendant.
The following issues are presented on appeal:
(1) Did the trial court clearly err in its aforestated conclusion; and,
(2) If so, did plaintiff's work-related accident cause him to be disabled?
Plaintiff contends that the weight of the evidence adduced at trial was manifestly in favor of the occurrence of a compensable accident. We disagree.
Initially, we observe that the trial judge, in his oral reasons for judgment, indicates that he was not impressed with the credibility of plaintiff's representations regarding the alleged accident. Our review of the record confirms that plaintiff's testimony is characterized by gross inconsistencies, and further, reveals a pattern of inaccurate and false statements made by plaintiff from the time of the alleged accident through the trial of this matter.
Plaintiff was required by his employer, American Tobacco Company, to complete accurate daily reports which contain information regarding routine business calls made during the day. In addition, defendant's sales personnel are required to note on the daily report any unusual occurrences which happen while such employees are on the job. A copy of plaintiff's report for September 19, 1980, the alleged date of the accident, does not reflect the occurrence of any accident although plaintiff admitted that noting such an occurrence is standard procedure. Further, plaintiff's daily report on the date at issue reflects that he quit working that day at 3:30 p. m. contrary to plaintiff's own testimony that he worked only until 1:30 p. m. Plaintiff stated that shortly after the accident he made a business call at Schlesinger's Wholesale where he told a Schlesinger employee, Greg Gerard, about his accident and subsequent injury. Crochet also testified that due to the pain in his back, Gerard loaded his cigarette stock into the trunk of his car. Gerard testified at trial that he did not remember plaintiff telling him about any accident nor did he remember loading plaintiff's merchandise in his car.
Plaintiff filed several inaccurate and false business reports while employed by defendant. Several such reports indicate that he had serviced various business outlets when, in fact, he had not done so. Additionally, plaintiff reported to defendant that he had incurred various expenses due to certain cigarette promotional campaigns for which plaintiff was subsequently reimbursed by defendant, however, it was established at trial that plaintiff had not actually incurred such expenses. Crochet admitted that he falsified various business records and reports after the date of the accident. These activities resulted in the termination of plaintiff's employment with defendant.
The trial court was obviously adversely impressed by the numerous discrepancies and inconsistencies between plaintiff's testimony and that of the other witnesses and the documentary evidence received at trial. In this regard the trial court stated:

"Plaintiff himself admitted that he had falsified various work records of his employer *1333 after the date of the accident for which he was ultimately discharged. The Court, as previously stated, also had the opportunity to observe the plaintiff on the witness stand on cross-examination, and, in fact, notes that at one point in time, the plaintiff himself stated on the witness stand that he wasn't even sure when the accident happened. After observing the plaintiff's demeanor on the witness stand on cross-examination and after considering all of the other evidence, which in the Court's opinion is sufficient in and of itself to discredit or cast serious doubt on the truthfulness of the plaintiff's version of the occurrence of the accident, the Court is not impressed with the truthfulness of the plaintiff's testimony as to the occurrence of the accident."

The record clearly casts doubt upon the plaintiff's credibility and veracity, and for this reason, even the medical testimony presented at trial must be considered inconclusive. All of the medical expert witnesses stated that their opinions, as to the cause of plaintiff's alleged injury, were dependent upon the accurateness and truthfulness of plaintiff's representations regarding the occurrence of the accident. In addition, the record reflects that plaintiff sustained a back injury and thereafter underwent back surgery in 1967. Crochet, himself, testified inconsistently regarding whether or not he had any residual effects from the aforesaid injury and subsequent surgery. We observe that plaintiff's family physician and two other examining physicians found no objective evidence of plaintiff's alleged disability. In fact, one physician, an orthopedic surgeon, testified that plaintiff was exaggerating his symptoms and that certain tests administered to plaintiff obtained results inconsistent with plaintiff's complaints of back pain. Shortly before trial, plaintiff was examined by a neurosurgeon who opined that plaintiff suffered from a probable herniated disc, however, he gave no indication that the disc problem was connected with plaintiff's alleged accident on September 19, 1980.
It is settled jurisprudence that the workmen's compensation claimant has the burden of proving by a preponderance of the evidence that his disability is causally related to an accident that occurred during the course and scope of his employment. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The testimony of a claimant alone may be sufficient to prove the occurrence of a work-related accident, if such testimony is plausible, consistent, and is supported by other circumstances appearing from the record. However, where the plaintiff's testimony is the sole evidence, it must be clear and convincing. See Soileau v. Bituminous Casualty Corp., 348 So.2d 1313 (La.App. 3rd Cir. 1977).
In West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979), our Supreme Court stated:
"... the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of the testimony."
In Charleston v. Nabors Trailers, Inc., 381 So.2d 894 (La.App. 2d Cir. 1980), contradictions and discrepancies in the testimony of the claimant were deemed to be "circumstances casting suspicion on the reliability of this testimony". In the instant case, plaintiff was the sole witness to the alleged accident. His testimony regarding the circumstances surrounding the incident were inconsistent and characterized by significant discrepancies. In addition, the medical testimony received at trial failed to establish plaintiff's alleged disability.
It is well settled that the reviewing court must give great weight to the reasonable evaluations of credibility and reasonable inferences of fact made by the trial court. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La. 1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979); Bertrand v. Aetna Casualty and Surety Company, *1334 306 So.2d 343 (La.App. 3rd Cir. 1975). After examining the record, we conclude that the same clearly supports the finding of the trial judge that the plaintiff failed to prove the occurrence of a work-related accident by a preponderance of the evidence.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed to plaintiff, Alfred Crochet, Jr.
AFFIRMED.