462 So.2d 1327 (1985)
Bruce FOURROUX, Plaintiff-Appellant,
v.
NORTH-WEST INSURANCE COMPANY, Defendant-Appellee.
No. 84-37.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied March 22, 1985.
*1328 Bernard F. Duhon, Abbeville, for plaintiff-appellant.
Mouton, Roy, Carmouche, Bivins, Judice & Henke, Alan K. Breaud, Lafayette, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Bruce Fourroux appeals a judgment in favor of his employer, P & A Well Service, and its insurer, North-West Insurance Company, denying Fourroux workmen's compensation benefits for total and permanent disability; he also seeks medical expenses and penalties and attorney's fees. The determinative issue is whether the trial court erred in finding that Fourroux failed to prove by a preponderance of the evidence that his back injury resulted from a work-related accident. We affirm, finding Fourroux failed to carry his burden of proof, therefore, we pretermit the remaining assignments of error.

FACTS
We are benefited by the learned trial judge's well considered written reasons for ruling that sets forth the factual setting as follows:
"Plaintiff, a twenty-one year old male, has alleged that he and a fellow employee left their employer's New Iberia office in a company vehicle around 5:30 a.m. on the morning of December 14, 1982. The pair traveled to a remote location near Cameron, Louisiana where they were to load pipe onto their truck. The pipe was raised by a wench operated by Warren Ellender. Plaintiff was assigned to make certain that the pipe remained balanced while it was being raised. It was while he was engaged in this process that plaintiff alleges he felt a sharp pain in his lower back. Plaintiff states that he immediately called out to Mr. Ellender that he had been hurt. Mr. Ellender purportedly replied that plaintiff's injury was inconsequential and that the two of them should continue working in order to complete the job as soon as possible. At trial, plaintiff testified that the truck and wench were very noisy and that it was possible that Mr. Ellender did not hear his complaint. Plaintiff also testified that he complained to Mr. Ellender several times during the return trip to New Iberia.
Plaintiff further states that he continued to work in pain while loading the remaining pipe and that upon returning to his employer's office he notified his toolpusher of the injury and filled out an accident report. Thereafter, plaintiff left work and went home to clean up. From there he went immediately to the office of his family physician to seek treatment."
In determining whether Fourroux met his burden of proving his case by a preponderance of the evidence, the trial judge applied the correct standard as stated in his reasons herein:
"The law is clear that although procedural rules are construed liberally in favor of the claimant in a workmen's compensation suit, the burden of proof nevertheless rests on plaintiff to prove his case by a preponderance of the evidence, as is required in other civil cases. [See Crochet v. American Tobacco Co., 407 So.2d 1330 (La.App. 3rd Cir.1981).] The testimony as a whole must show that more probably than not a work-connected accident occurred, and that it had a causal relationship to the claimant's disability. Prim vs. City of Shreveport, 297 So.2d 421 (La.1974), Calais vs. Petroleum Helicopters, Inc., 330 So.2d 408 (3rd Cir. 1976).

The law is equally well settled that the testimony of a plaintiff alone in a workmen's compensation case is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. [See White v. Freeport Chemical *1329 Company, 319 So.2d 563 (La.App. 4th Cir.1975), writ denied, 323 So.2d 132; Crochet, supra.] In evaluating the evidence, the Court should accept as true and uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances casting suspicion on the reliability of this testimony. West vs. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979), Williams vs. Offshore Food Service, Inc., 417 So.2d 475 (1st Cir.1982), Jones vs. Alexander, 399 So.2d 216 (2nd Cir. 1981), [writ denied, 400 So.2d 1383], Hall vs. Georgia-Pacific Corp., 390 So.2d 948 (2nd Cir.1980), Walker vs. Balden [sic] Corp., 331 So.2d 167 (3rd Cir.1976).

Our jurisprudence also requires that when the plaintiff has had several prior injuries to the same part of his body and has had considerable experience in making workmen's compensation claims, the Court will look with great suspicion on the asserted claim and will examine the claim with particular care. Sinegal vs. Travelers Insurance Co., 319 So.2d 866 (3rd Cir.1975), Hand vs. Reeves, 378 So.2d 1064 (2nd Cir.1979), [writ denied, 380 So.2d 72 (La.1980)]."
The trial judge applied this well established standard to the present case as follows:
"The Court finds that the above rule applies to this case in light of plaintiff's history of back injury and experience in making workmen's compensation claims. In this case the plaintiff was the only witness to the alleged accident. The Court finds that the following factors tend to cast suspicion on plaintiff's testimony:
(1) Plaintiff continued with his assigned duties even though he had allegedly been involved in an injury producing accident. Furthermore, plaintiff never mentioned his accident to any of his co-employees. Although plaintiff testified that he reported the accident to Warren Ellender, Mr. Ellender denied under oath that plaintiff told him of the accident prior to the time they returned to New Iberia. See: Hand vs. Reeves, supra at 1065-1066, Walker vs. Balden [sic] Corp. at 170, Calais vs. Petroleum Helicopters, Inc., supra at 409, White vs. Freeport Chemical Co., 319 So.2d 563 at 565 (4th Cir.1975), [writ denied 323 So.2d 132], and Carter vs. Casulty [sic] Reciprocal Exchange, 163 So.2d 855 at 856 (2nd Cir.1964).

(2) No unusual or restricted movement was noted in plaintiff by any of his fellow employees following the alleged accident. Plaintiff continued to work in a normal manner while with Mr. Ellender and also after returning to his employer's New Iberia office. See: Jones vs. Alexander, 399 So.2d 216 at 217 (2nd Cir.1981), Hand vs. Reeves, supra, at 1066, and Carter vs. Casulty [sic] Reciprocal Exchange, supra, at 856.

(3) The veracity of plaintiff's testimony was severly attacked by defendant's counsel. His testimony revealed several instances of inconsistencies and apparent contradictions. Jones vs. Alexander, supra, at 217, and Carter vs. Casulty [sic] Reciprocal Exchange, supra, at 857.

(4) Plaintiff has a history of back injuries including prior employment related back injuries for which he received workmen's compensation benefits. Plaintiff's history also reveals several automobile and motorcycle accidents which may have resulted in lower back injuries. See: Jones vs. Alexander, supra, at 219, Meador vs. International Paper Co., 348 So.2d 997 at 998 (2nd Cir.1977) and Sinegal vs. Travelers Insurance Co., supra, at 866.

(5) Plaintiff did not report his prior injuries or workmen's compensation claims to his employer either on his employment application or during a post-injury interview. Plaintiff's failure to make a full disclosure of his back injuries and statement that he did not have to tell the truth at a post-injury interview because he was not under oath shows a tendency on *1330 his part to provide only the information that he finds is in his best interest. See: Meador vs. International Paper Co., supra, at 999, and Hall vs. Georgia-Pacific Corp., supra, at 948 and 951.

(6) The testimony at trial indicated that the nature of plaintiff's job duties at the time of the accident was not strenuous. See: Hall vs. Georgia-Pacific Corp., supra, at 951.

Furthermore, Dr. John Thibodeaux, the doctor who examined plaintiff on December 14, 1982, found no objective symptoms of plaintiff's injury and did not attribute plaintiff's complaints of pain to a recent injury. Dr. Louis Blanda did discover objective indications of plaintiff's injury in February and April, 1983. However, Dr. Blanda stated that if plaintiff had had leg pain and neurological symptoms previously, then there would be no way to correlate these objective findings with the particular incident plaintiff had described. (Dr. Blanda's deposition at Page 22). In fact the plaintiff did complain of leg pain and neurological symptoms as a result of a back injury he sustained while working for another employer in 1981. Therefore, the medical evidence does not corroborate the plaintiff's assertion that an accident occurred."
It is well settled that a reviewing court must give great weight to factual conclusions of the trier of fact, particularly when they involve a determination of the credibility of witnesses, thus a reviewing court should not disturb this factual finding in the absence of manifest error. Crochet, supra; Calais, supra; Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
After a careful review of the record, we find that Fourroux failed to meet his burden of proving his case by a preponderance of the evidence. We likewise find that the record does not support that the trial judge committed manifest error.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.