484 So.2d 306 (1986)
Tommy E. STONE, Plaintiff-Appellant,
v.
LOUISIANA PACIFIC CORPORATION, Defendant-Appellee.
No. 84-1202.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Roy S. Halcomb, Jr., Alexandria, for plaintiff-appellant.
Donald R. Wilson, Jena, for defendant-appellee.
Before DOMENGEAUX, FORET and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not the trial court erred in finding that plaintiff failed to prove that he sustained a work-related injury and in dismissing plaintiff's workmen's compensation suit.
This workmen's compensation proceeding was instituted on March 2, 1984 by Tommy E. Stone (hereinafter referred to as plaintiff) against his employer, Louisiana-Pacific Corporation (hereinafter referred to as defendant). *307 After trial on August 2, 1984, the trial court rendered judgment, which was read and signed on October 8, 1984, finding that plaintiff had failed to prove by a preponderance of the evidence that he suffered a work-related injury and dismissing plaintiff's suit. It is from this judgment that plaintiff now appeals. We affirm.

FACTS
Plaintiff, a 50 year-old male truck driver, alleges that on or about July 17, 1983, while enroute from Urania, Louisiana to San Antonio, Texas, with a load of lumber, he pulled over at a roadside stop to re-secure his cargo and that in doing so he slipped and injured his back. He testified that after securing his load, he continued on to San Antonio, where he called his wife and informed her of the accident and injury, but did not notify his employer, the defendant, of the accident and injury. Plaintiff returned to defendant's Urania terminal the next day and continued to work for approximately six more weeks, taking thirteen days off to have dental work performed.
Plaintiff claims he informed his superiors of the accident and injury and sought medical help from the defendant. However, there was testimony at trial by defendant's employees, Mr. Price, the dispatcher, and Mr. Parker, the Urania terminal manager, that plaintiff never made mention of the accident or injury to either of them. Additionally, no accident report was filled out which was contrary to company policy. It appears that plaintiff first made mention to defendant of the accident and injury when he called defendant's New Waverly, Texas office about two months after the time of the alleged accident and after he had left defendant's employment.
Plaintiff worked until September 6, 1982, when he terminated his employment. The termination report listed plaintiff's reasons for leaving as "family problems."
The evidence also revealed that plaintiff has been the claimant in three prior workmen's compensation claims, two of which involved back injuries which required surgery. The last claim, which was settled by plaintiff about four months prior to his seeking employment with defendant, involved a 1981 back injury which necessitated surgery in late 1982. Plaintiff, when applying for employment with defendant in early July, 1983 only two weeks prior to the date of the alleged accident, failed to report this last compensation claim and surgery to the defendant's representatives.
When plaintiff finally informed defendant of the alleged accident and injury, defendant refused to pay workmen's compensation benefits questioning the occurrence of the accident and injury. Plaintiff then instituted these proceedings.

PLAINTIFF'S CLAIM
Plaintiff claims that the trial court erred in finding that he failed to prove that he suffered a work-related injury.
The case turns on the trial court's findings of fact which are subject to the manifest error standard of appellate review. The Louisiana Supreme Court has stated that:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the *308 respective courts." Canter v. Koehring Company, 283 So.2d 716 at 724 (La. 1973).
See also, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Sharbono v. H & S Const. Co., 478 So.2d 779 (La.App. 3rd Cir.1985), and cases cited therein; Olson v. Ins. Co. of State of Pa., 471 So.2d 1151 (La.App. 3rd Cir.1985), writ den., 476 So.2d 352 (La.1985), and cases cited therein.
In the recent case of Fourroux v. North-West Ins. Co., 462 So.2d 1327 (La.App. 3rd Cir.1985), writ den., 465 So.2d 739 (La. 1985), the facts of which are strikingly similar to those of the instant case, this Court summarized the applicable law regarding the proof of work-related injuries in workmen's compensation cases as follows:
"`The law is clear that although procedural rules are construed liberally in favor of the claimant in a workmen's compensation suit, the burden of proof nevertheless rests on plaintiff to prove his case by a preponderance of the evidence, as is required in other civil cases. [See Crochet v. American Tobacco Co., 407 So.2d 1330 (La.App. 3rd Cir.1981).] The testimony as a whole must show that more probably than not a work-connected accident occurred, and that it had a causal relationship to the claimant's disability. Prim vs. City of Shreveport, 297 So.2d 421 (La.1974), Calais vs. Petroleum Helicopters, Inc., 330 So.2d 408 (3rd Cir.1976).
The law is equally well settled that the testimony of a plaintiff alone in a workmen's compensation case is sufficient to establish the occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances. [See White v. Freeport Chemical Company, 319 So.2d 563 (La.App. 4th Cir.1975), writ denied, 323 So.2d 132; Crochet, supra.] In evaluating the evidence, the Court should accept as true and uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances casting suspicion on the reliability of this testimony. West vs. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979), Williams vs. Offshore Food Service, Inc., 417 So.2d 475 (1st Cir.1982), Jones vs. Alexander, 399 So.2d 216 (2nd Cir.1981), [writ denied, 400 So.2d 1383], Hall vs. Georgia-Pacific Corp., 390 So.2d 948 (2nd Cir.1980), Walker vs. Balden [sic] Corp., 331 So.2d 167 (3rd Cir.1976).
Our jurisprudence also requires that when the plaintiff has had several prior injuries to the same part of his body and has had considerable experience in making workmen's compensation claims, the Court will look with great suspicion on the asserted claim and will examine the claim with particular care. Sinegal vs. Travelers Insurance Co., 319 So.2d 866 (3rd Cir.1975), Hand vs. Reeves, 378 So.2d 1064 (2nd Cir.1979), [writ denied, 380 So.2d 72 (La.1980)].'" Fourroux v. North-West Ins. Co., 462 So.2d 1327 at 1328, 1329 (La.App. 3rd Cir.1985), writ den., 465 So.2d 739 (La.1985).
Review of the record in this case reveals that there was more than an adequate factual basis for the trial court's conclusion that plaintiff failed to meet his burden of proving a work-related injury. Plaintiff was the only witness to the alleged accident, other than some unknown and unnamed trucker who supposedly helped plaintiff secure his cargo after plaintiff sustained his alleged injury. In light of plaintiff's history of back trouble and considerable experience in workmen's compensation claims and the conflicting testimony of other witnesses, great suspicion was cast upon plaintiff's testimony.
Despite plaintiff's claim of suffering from the alleged injury, plaintiff did not immediately notify his employer of the accident or injury. Plaintiff maintains that he later informed the Urania terminal manager of his condition; however, the terminal manager, Mr. Parker testified that he was never told by plaintiff of the alleged accident and injury. No accident report was ever filed though that was the standard operating procedure of the company. No *309 notice was given to the defendant of the accident until some months after plaintiff quit. At that time, plaintiff called the New Waverly, Texas office of the defendant and tape recorded the ensuing conversation. Plaintiff suggests in his testimony that his failure to timely report the accident was because he was unaware that he was entitled to workmen's compensation benefits and did not know the proper procedure for seeking such benefits. However, the record clearly reflects the fact that plaintiff had been involved in three previous workmen's compensation claims. Surely plaintiff, given his history and knowledge of workmen's compensation procedure, should have known the importance of making some type of complaint or report at the time of injury and of reporting the injury promptly.
Plaintiff continued to work for several weeks after the alleged accident and according to the dispatcher, Mr. Price, and the terminal manager, Mr. Parker, showed no signs of injury nor ever mentioned the alleged accident or injury. During this time, plaintiff also took approximately two weeks off to have dental work done. Plaintiff did not go to a physician for quite some time after the alleged accident. He maintained that his employer would not send him to a doctor and that he was unaware that he had medical insurance coverage. Yet, the record shows that during the time that he had dental work performed plaintiff knew he was covered by medical insurance provided by his employer.
Plaintiff has a history of workmen's compensation claims for injuries sustained during employment. Two of them involved back injuries which required surgery. The last surgery was performed in late 1982. Plaintiff had only worked for defendant approximately two weeks prior to the date of the alleged accident. In applying for this job plaintiff did not mention the fact that he had suffered a work-related back injury in 1981, had back surgery in late 1982, and had made a workmen's compensation settlement just prior to seeking employment with the defendant. Plaintiff's failure to mention such an important matter certainly also brings plaintiff's veracity into question.
Additionally, plaintiff's veracity was called into question by plaintiff's own admission that he often falsified the log sheets that he was required to keep under federal law. When confronted with the inconsistencies between his testimony relating to the time of the alleged accident and the driving times that he recorded in the log, plaintiff said that he regularly falsified the log entries which showed his actual driving time.
The medical testimony of Dr. Buerlot and Dr. Taylor is inconclusive at best in regard to whether or not plaintiff suffered a work-related injury in this instance, particularly in light of plaintiff's prior medical problems and his questionable veracity.
The credibility assigned by the trial judge to testimony in a workmen's compensation proceeding is to be given great weight upon review. Sharbono v. H & S Const. Co., supra; Roshto v. Wausau Ins. Companies, 457 So.2d 261 (La.App. 3rd Cir.1984), writ den., 460 So.2d 1047 (La. 1984). After carefully reviewing the record, we find that the trial court is not clearly wrong in finding that the plaintiff failed to meet his burden of proving that he suffered a work-related injury. For this reason, the trial court did not commit error in dismissing plaintiff's suit.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed against plaintiff-appellant.
AFFIRMED.