CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “L”, wherein the Honorable Lionel R. Collins rendered judgment in favor of plaintiff, Albert D. Hoffman, and against the defendant-employer, SWACO, a division of Dresser Industries, Inc. Hoffman was adjudged totally and permanently disabled and SWA-CO was cast for compensation'benefits of $183/week until that disability ceases. SWACO has appealed that judgment.
Albert Hoffman applied for employment with SWACO and was interviewed by Mr. Marlon Magee, SWACO’s operations manager. Mr. Magee sent Hoffman to the Expressway Medical Center for a pre-employment physical. At this initial physical, Hoffman was diagnosed as having a right inguinal hernia in need of repair. Mr. Hoffman could not be hired as a result of the opinion of the initial examining physician, so Mr. Magee sent Hoffman to the Westbank Medical Clinic for an additional physical exam and second opinion. This examination gave Hoffman a clean bill of health with no finding of any hernia and he was hired and began working for SWACO on November 13, 1981.
The plaintiff’s work was that of a serviceman; his job consisted of servicing rented equipment already in use in the field or delivering and setting up or removing and returning such equipment. On January 13, 1982, Hoffman was working alone servicing Rig MGF-47 located in St. John the Baptist Parish. He had been called out to repair certain stroke counters located on that rig. In addition to servicing these stroke counters, Hoffman had to trace the wires from the stroke counters to the panel. This process took a while as he had to continually go back and forth checking the wires to see if they were registering. For safety reasons, access to these wires was difficult and Hoffman had to sometimes climb, stoop or crawl to service them. It is of special interest to note that he carried *1235 his tool box weighing approximately thirty pounds with him wherever he went on the job site.
After completing this job, Hoffman went down to his truck and began cleaning up and preparing for the ride home. It was at this time he first noticed he was not feeling well and was experiencing sharp pain in his right hip radiating down to his right knee causing him to limp at times.
As required by SWACO, Hoffman phoned the shop, told them he was finished and checked to see if there was any other work to be done in the area. As no one was at the shop when he returned, Hoffman went home. The next morning when plaintiff returned to work, he informed Mr. Bourgeois, Service Manager at the SWACO Harvey Shop, that he was not feeling well and had hurt himself. Bourgeois related this information to Mr. Magee and Hoffman was told to see a doctor.
Plaintiff was examined by Dr. Akio Kit-ahama who diagnosed him as having a right inguinal hernia. It was Dr. Kitahama’s opinion that surgical intervention was required to prevent the hernia from becoming aggravated, such as in incarceration or strangulation, thus posing a life-threatening situation. Dr. Kitahama discussed surgery with Hoffman and was under the impression he would schedule surgery almost immediately. However, plaintiff returned to work only to be terminated February 26, 1982 for reasons unrelated to his medical problems.
SWACO now appeals and asserts the following specification of errors: that
(1) The trial judge erred by accepting plaintiff’s testimony in view of the fact that such testimony was directly contradicted by at least four defense witnesses, and as a matter of law cannot constitute proof of a work-related accident; that
(2) The trial judge abused his discretion in accepting plaintiff’s testimony over testimony by four defense witnesses, all of which serve to contradict plaintiff’s testimony regarding the occurrence of a work-related accident; that
(3) The trial judge erred by accepting plaintiff’s testimony regarding the timely reporting of an alleged accident, when such testimony was directly contradicted by defense witnesses; that
(4) The trial judge erred in rendering plaintiff totally and permanently disabled when the evidence revealed that plaintiff has in fact worked subsequent to his alleged accident; that
(5) The trial judge erred in determining plaintiff to be totally and permanently disabled because the Louisiana Workmen’s Compensation Statute does not provide for total and permanent disability regarding persons who suffer hernias.
ERRORS NO. 1 AND 2
A workmen’s compensation claimant has the burden of proving by . a preponderance of the evidence that his disability is causally related to an accident that occurred during the course and scope of his employment and his testimony alone may be sufficient to prove the occurrence of a work-related accident, if such testimony is plausible, consistent and is supported by other circumstances appearing from the record. Crochet v. American Tobacco Company, 407 So.2d 1330 (La.App. 3d Cir.1981).
The trial judge obviously felt that the plaintiff met this burden of proof when considering all of the circumstances. Appellant argues, however, that plaintiff’s testimony is the only evidence supportive of his allegations of a work-related accident and that this testimony is weakened by the contradictory testimony of defense witnesses. We do not believe, as does appellant, that plaintiff’s testimony is the sole evidence upon which the trial judge based his judgment.
Plaintiff’s testimony of the work he performed that day is certainly consistent with the nature of injury he sustained, and there is ample evidence in the record demonstrating he did perform that work. Nothing in the testimony of the defense witnesses contradicts this.
From the moment plaintiff returned to the Harvey shop with the report of the first *1236 medical examination, SWACO had knowledge that there might have been something wrong with this man. Yet they hired him and placed him in a situation that would have certainly aggravated his condition. We agree with the trial judge that the only way they could have avoided liability was not to have hired plaintiff initially.
Thus, when considering plaintiff’s testimony, the medical evidence and the fact appellant had knowledge that there might have been an existing inguinal hernia, we cannot say the trial judge was manifestly erroneous in his conclusions.
ERROR NO. 3
The plaintiff testified he told Mr. Magee about his accident and the pain he was having, and Mr. Magee testified he did not. However, it appears from the record that the plaintiff did make at least a sufficient statement concerning what occurred on January 13, 1982 because Mr. Magee testified that in response to whatever plaintiff related to him he told plaintiff to take the medical card and seek medical advice.
As far as accident reports are concerned, Mr. Magee testified that either the manager or a supervisor would write out the report, not the employee. The absence of an accident report is not in any way evidence that plaintiff failed to report an accident; it only serves to prove that appellant failed to write out any statement made by plaintiff.
We agree with the trial court that because of Mr. Magee’s response to whatever statements plaintiff made to him, plaintiff sufficiently communicated that he had had ah accident with resulting injuries.
ERRORS NOS. 4 AND 5
Appellant concedes that plaintiff is “arguably totally and permanently disabled at the present time in view of restrictions placed upon him by his physician,” but contends that this disability cannot be permanent at this point.
Appellant then cites LSA-R.S. 23:1221 4(q)(iii) which would limit appellant’s liability to twenty-six weeks if plaintiff refuses to undergo surgery. Appellant states plaintiff would become totally disabled if some “unforeseen and improbable event occurred during surgery,” but not until then.
We, however, are not able to locate in the record a refusal by plaintiff to undergo surgery. Appellant terminated plaintiff shortly after plaintiff’s accident and has never tendered an offer of surgery. Plaintiff cannot refuse that which has not been offered.
The trial court was correct in concluding the plaintiff was permanently disabled because Dr. Kitahama testified that if plaintiff continued to work, his hernia could strangulate and kill him. This conclusion is not manifestly erroneous as plaintiff was never tendered an offer to have surgery and correct a problem that could be life threatening should plaintiff work.
Accordingly, for the above stated reasons, the judgment of the trial court is affirmed. Appellant is to pay costs of these proceedings.
AFFIRMED.