524 So.2d 800 (1988)
Sharon PROVOST, Plaintiff-Appellant,
v.
TRANSPORTATION INSURANCE COMPANY, et al., Defendants-Appellees.
No. 86-1271.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Aubrey, Shea & Ziegler, William J. Ziegler, Lafayette, for plaintiff-appellant.
Voorhies & Labbe, John N. Chappuis, Lafayette, for defendants-appellees.
Before LABORDE and KNOLL, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Retired, Judge Pro Tem.
This is a workman's compensation claim. Upon defendant's refusal to pay weekly compensation benefits to plaintiff, plaintiff submitted the case to the Louisiana Office of Worker's Compensation for informal resolution. Its recommendation was rejected and suit was filed. The trial court held that plaintiff failed to prove her injuries were caused by a work-related accident. Plaintiff appeals this judgment.

FACTS
Plaintiff was employed at Martin Mills for about twelve years as a time-study person who took pictures with a video camera of other employees to study their movement and improve their performance. Martin Mills is a large garment manufacturing plant in St. Martin Parish.
On May 20, 1985 a television camera fell on plaintiff while at work. The eight pound camera was mounted on a tripoda normal procedure. A leg of the tripod gave way and the eyepiece of the camera hit plaintiff's back, allegedly causing or aggravating one or more ruptured intervertebral discs, disabling back pain, traumatic neurosis and other injuries to other parts of her body. No one else witnessed the accident.

WITNESSES' TESTIMONY
Immediately after the accident, the plaintiff placed the camera on a cart and visited the health nurse at the plant, Ricky Zeno, who was a registered emergency medical technician in charge of receiving and logging complaints of accident and illness. The plaintiff testified she told Zeno of back pain and radiating leg pain, but Zeno stated she only complained of pain in the thoracic area. Zeno noted a reddish coloration in the thoracic area of plaintiff's back and plaintiff told him a camera had fallen on her. Zeno gave plaintiff Banalog, a liniment, to apply externally to her back. According to Zeno's log, the plaintiff returned to Zeno several times in early June but *801 never complained of pain in the lumbar area or leg and told Zeno she was getting better. Plaintiff never asked for a physician. Zeno noted, from his logs, that plaintiff had complained of lower back pains in 1982 and 1983.
On May 15, 1985 the plant manager of Martin Mills, Mr. Bondurant, was fired and replaced. On June 10, 1985 the new manager, Wood, demoted plaintiff, though her salary did not change. Plaintiff testified she was told her demotion was because of budget problems, but Wood stated he told her it was for other reasons. At the time, plaintiff did not complain to Wood of back trouble or the accident.
Plaintiff testified that prior to the accident she had female troubles and visited Dr. Hale and Dr. Elias of New Iberia, who referred her to Dr. Bernard, an orthopedic surgeon, who ordered a CAT scan performed on her. Plaintiff testified the CAT scan only showed a spot on her right kidney. Plaintiff stated that Dr. Bernard was consulted because she wanted his opinion before a possible hysterectomy operation. Plaintiff stated she discussed the accident at Martin Mills with Dr. Bernard in the presence of her 14-year-old daughter (which Dr. Bernard denied). Plaintiff denied having had back trouble prior to May 20, 1985 or complaining about it to Dr. Elias or any of her co-workers. Plaintiff claims she complained to them of pain in the lower right hip.
Four of defendants' witnesses testified hearing plaintiff complain of leg and back pain, a possible slipped disc and a possible future hysterectomy prior to the time the former plant manager was fired. Plaintiff's supervisor testified that plaintiff took a leave of absence in mid-June 1985 for a hysterectomy. She did not complain to him of back and leg pain at that time, and apparently only had tests run, not an actual hysterectomy.
Plaintiff's two witnesses testified that plaintiff had complained to them of a disc problem and her fear of having a hysterectomy, although one of the witnesses did contradict herself on this point.
Plaintiff's gynecologist testified that he examined her in April and May 1985 for lower back pain and female problems, which was noted in his medical records. Plaintiff's orthopedic surgeon testified that when he saw her in May 1985 plaintiff complained of a back pain which had waxed and waned for several years, but had grown worse in the last four months. Plaintiff's symptoms and a CAT scan indicated a disc problem as of May 14, 1985. A myelogram in June 1985 confirmed the herniated disc diagnosis, at which time the plaintiff and her husband asked the orthopedist to treat it as a worker's compensation injury. Since the plaintiff had previously told him she had no history of specific injuries, he refused, whereon plaintiff informed him she would get another doctor. The orthopedist testified plaintiff is not a malingerer.
Plaintiff's neurological surgeon saw plaintiff in late June 1985, and, on reviewing the results of the prior tests, diagnosed a disc tear. The surgeon testified that he would ascribe the disc rupture to the May 20, 1985 trauma, on the basis of the history plaintiff gave him and the test results, because the accident either caused the injury or aggravated a pre-existing back condition.
In a workman's compensation case the elements of proof that a plaintiff must establish at trial are: that he sustained a personal injury by an accident arising out of the course and scope of his employment; that he was or is disabled; and that his disability was causally related to the injury he received in the job-related accident. Bateman v. Power Rig Rental Tool Co., 453 So.2d 998 (La.App. 3d Cir.1984). This court recently discussed this burden of proof in Narcisse v. Employers Ins. of Wausau, 510 So.2d 1328 (La.App. 3d Cir. 1987):
"It is settled jurisprudence that the worker's compensation claimant has the burden of proving by a preponderance of the evidence that his disability is causally related to an accident that occurred during the course and scope of his employment. Prim vs. City of Shreveport, 297 So.2d 421 (La.1974); Stuckey vs. Home *802 Insurance Co., 433 So.2d 776 (La.App. 3d Cir.1983), writ denied, 435 So.2d 450 (La.1983). The testimony of a claimant alone may be sufficient to prove the occurrence of a work-related accident, if such testimony is plausible, consistent, is supported by other circumstances appearing from the record and if there is nothing to discredit his account thereof. However, where the plaintiff's testimony is the sole evidence, it must be clear and convincing. Crochet vs. American Tobacco Co., 407 So.2d 1330 (La.App. 3d Cir.1981); Soileau vs. Bituminous Cas. Corp., 348 So.2d 1313 (La.App. 3d Cir. 1977); White vs. Freeport Chemical Company, 319 So.2d 563 (La.App. 4th Cir.1975), writ denied, 323 So.2d 132 (La. 1975). In evaluating the evidence, the Court should accept as true and uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances casting suspicion on the reliability of this testimony. Fourroux vs. North-West Ins. Co., 462 So.2d 1327 (La.App. 3d Cir.1985) [writ denied, 465 So.2d 739 (La.1985)] and the cases cited therein."
The trial court assigned its reasons for holding that plaintiff failed to sustain her burden of proof in this case as follows:
"The Court feels that the plaintiff has not borne the burden of proof by a preponderance of the evidence, that an accident did occur while she was working in the course and scope of her employment. She had testified that she had no previous back trouble, but the evidence is clear that she did. Co-workers and the treating physicians testified that prior to the date of the alleged accident she had made several complaints of back pain and had been examined for it. This had occurred at least several months prior to May 1985. The testimony of the orthopedic surgeon, Dr. Bernard, shows that she had complained to him of the older back problems, and in fact it is even indicated in one of the older medical reports at Martin Mills. The plaintiff testified that after her claimed accident, she made an appointment with Dr. Bernard and saw him, informing him of the accident, but Dr. Bernard categorically denies this statement, and indicates that it is not true. The unsupported evidence of the plaintiff in this case * * * and the demotion of the work the plaintiff was doing indicates that her claim against the company is to be treated with suspicion. Nevertheless, as aforesaid, the law is clear that a plaintiff in a workman's compensation case must prove it by a preponderance of the evidence and in this she has failed to do so. Having failed to prove by a preponderance of the evidence that the accident occurred, it is not then necessary to go into her disabilities, although the indication is that she has a bad back."
We find that plaintiff's own testimony is the sole evidence that her injuries were caused by a work-related accident. The other testimony, even that of her own witnesses, contradicts plaintiff's testimony. Since her testimony is not supported by other circumstances in the record and is not consistent with the other witnesses' testimony, it falls far short of being clear and convincing, as required by the jurisprudence. See Narcisse, supra. We do not find manifest error in the trial court's findings. Where there is a conflict in testimony, the trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, because of the trial court's better capacity to evaluate live witnesses and the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Therefore, we hold the plaintiff has failed to carry her burden of proving her injuries were caused by a work-related accident.

CONCLUSION Accordingly, for the reasons assigned above, the judgment of the trial court is affirmed. The costs of appeal are assessed to the appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.