605 So.2d 713 (1992)
Sabra FORD, Plaintiff-Appellant,
v.
HART ASSOCIATES, Defendant Appellee.
No. 23944-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Rehearing Denied October 22, 1992.
Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Crawford & Anzelmo by Donald J. Anzelmo, Monroe, for defendant-appellee.
Before SEXTON, LINDSAY and VICTORY, JJ.
SEXTON, Judge.
In this worker's compensation action, the plaintiff, Sabra Ford, appeals the judgment of the administrative hearing officer denying her benefits from the defendant, Hart Associates. The hearing officer found that Ms. Ford failed to prove by an overwhelming preponderance of evidence that her carpal tunnel syndrome was job related as required by LSA-R.S. 23:1031.1(D). For the reasons herein expressed, the judgment of the administrative hearing officer denying worker's compensation benefits to Ms. Ford is affirmed.
*714 On April 14, 1989, the plaintiff, Sabra Ford, became employed with the defendant, Hart Associates, which manufactured brass items including lamps, vases and beds. Her job duties included applying a cleaning substance to the items, polishing these items, lifting and carrying heavy trays of small parts and cleaning these parts. Ms. Ford remained employed with Hart Associates through January 16, 1990.
Prior to her employment with Hart Associates, Ms. Ford had left school in 1979 and obtained her GED. She did not have full-time employment until 1982 when she worked a few months for Omega Container. After she was laid off, she did not work again until the fall of 1988, when she worked for two months as a nurse's aide at Town Oaks Nursing Home. Until she became employed at Hart Associates, she did not have regular employment, but she did do some babysitting for relatives.
Ms. Ford said she first noticed problems with her hands in August 1989, when she awakened at night with her arms numb. She informed the supervisor at Hart Associates that her wrist was sore, but did not indicate to the supervisor that the injury was work related.
In September of 1989, Ms. Ford saw Dr. J.V. Jones at the Green Clinic in Ruston, Louisiana, who referred her to Dr. James Finley, an orthopedic surgeon. Dr. Finley diagnosed Ms. Ford as having carpal tunnel syndrome in her right arm. Dr. Finley initially treated her with medication and splints with limited success. However, on January 17, 1990, Dr. Finley performed surgery on Ms. Ford's right wrist. This surgery did not relieve the pain in her right wrist. Due to financial problems, Ms. Ford was transferred to LSU Medical Center, where she subsequently had a carpal tunnel release done on her left wrist as well. The precise date of this procedure is not disclosed by the record.
Ms. Ford then filed for worker's compensation, asserting that her carpal tunnel syndrome was an occupational disease related to her job at Hart Associates. A hearing was held before an administrative hearing officer on November 29, 1990, and the judgment denying worker's compensation benefits to Ms. Ford was rendered on March 27, 1991. The hearing officer found that Ms. Ford failed to prove by an overwhelming preponderance of the evidence that her carpal tunnel syndrome was job related. Since Ms. Ford had only been an employee of Hart Associates for five months, LSA-R.S. 23:1031.1(D) required Ms. Ford to prove by an "overwhelming preponderance of evidence" that her disease was job related. In denying Ms. Ford's claim, the hearing officer relied upon Dr. Finley's testimony that carpal tunnel syndrome can be caused by household duties, arthritis, and employment as a nurse's aide. Dr. Finley testified that Ms. Ford's condition was "more dense" than any carpal tunnel condition he had ever seen and believed that because of the degree of thickening, the carpal tunnel condition must have been present for quite some time. Also cited in the opinion denying benefits was Dr. Finley's statement that he did not think there was really a way to know what the cause of the disease was related to.
Ms. Ford now appeals the judgment alleging the hearing officer erred in ruling that she failed to prove that her carpal tunnel syndrome was job related and that she failed to carry her burden of proof by an overwhelming preponderance of evidence.
A disability must result from a work-related accident or occupational disease in order to be compensable under Louisiana worker's compensation law. Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979). As Ms. Ford's claim does not assert a work-related accident, to recover she must fit within the occupational disease portion of the Louisiana worker's compensation statutes.
LSA-R.S. 23:1031.1 provides in pertinent part:
§ 1031.1. Occupational disease
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as *715 herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
....
D. Any occupational disease as herein listed contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed to be non-occupational and not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by an overwhelming preponderance of evidence.
In order to recover benefits for an occupational disease, the employee must prove that he contracted the disease in the course of his employment and that the disease was the result of the nature of the work performed. Page v. Prestressed Concrete Company, 399 So.2d 657 (La.App. 1st Cir. 1981), writ not considered, 401 So.2d 994 (La.1981).
Ms. Ford's case is governed by LSA-R.S. 23:1031.1(D) since she only worked for Hart Associates from April 14, 1989, until January 16, 1990, which is less than twelve months. Accordingly, the burden of proof is on Ms. Ford to prove by an overwhelming preponderance of evidence, that her carpal tunnel syndrome was contracted during the course of her employment at Hart Associates.
On appeal, Ms. Ford asserts that she does not have to prove the causal connection of an occupational disease to an absolute certainty. Ms. Ford also cites several cases in brief where worker's compensation benefits were awarded. Ms. Ford contends that whether she contracted the disease on the job or whether her work at Hart Associates aggravated a prior disease, she is entitled to worker's compensation benefits. Finally, Ms. Ford asserts that both her left-and right-sided carpal tunnel problems are connected with her employment at Hart Associates and that she has met her burden of proof.
In a worker's compensation proceeding, the reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. Ducote v. J.A. Jones Construction Company, 471 So.2d 704 (La.1985).
A review of the evidence presented at the worker's compensation hearing indicates that Ms. Ford first noticed the problems with her hands and wrist while she was at home, not at work. Ms. Ford never informed her employer before her surgery that her carpal tunnel problems were job related. This was confirmed by Ron McAllister, the supervisor of Ms. Ford, who testified that Ms. Ford never told him that her problems were job related. Ms. Ford submitted all medical bills related to her carpal tunnel problems for payment by Home Life Insurance Company, the health and accident carrier for Hart Associates and their employees. Ms. Donna Peters, the employee who handled worker's compensation claims for Hart Associates, was never informed that Ms. Ford's condition was job related until April 23, 1990, when she received a telephone call from Ms. Ford's mother. In fact, Ms. Ford herself never contacted Ms. Peters to let her know that *716 she considered her carpal tunnel problems to be job related.
The deposition testimony of Dr. Finley was submitted at the worker's compensation hearing. Dr. Finley's testimony was heavily relied upon in the judgment denying benefits. The only testimony supporting the plaintiff was the answer to a hypothetical question where Dr. Finley testified that the work conditions at Hart Associates could have caused her carpal tunnel syndrome. However, Dr. Finley also testified that the history given to him by Dr. Jones did not relate Ms. Ford's wrist and hand problems to her employment. Also, Ms. Ford herself never mentioned to Dr. Finley that the problems were work related. When asked directly if Ms. Ford's complaints were likely related to her employment at Hart Associates, Dr. Finley answered that there is no way to really know. Dr. Finley testified that due to the thickness of the median nerve, the carpal tunnel syndrome had been present for quite some time. Dr. Finley never treated Ms. Ford for any problems with her left hand or wrist. Finally, Dr. Finley testified that normal household duties or working as a nurse's aide could also have caused carpal tunnel syndrome.
On the record evidence previously discussed, we conclude that the administrative hearing officer was not manifestly in error or clearly wrong in finding that Ms. Ford failed to carry her burden of proof. The record simply does not substantiate by an overwhelming preponderance of evidence that Ms. Ford's carpal tunnel syndrome was contracted during the course of her employment at Hart Associates as required by LSA-R.S. 23:1031.1(D). Therefore, the judgment denying benefits to Ms. Ford is affirmed at her costs.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, VICTORY and BROWN, JJ.
Rehearing denied.