645 So.2d 706 (1994)
Beverly GRIFFIN, Plaintiff-Appellee,
v.
SOUTH CENTRAL BELL, Defendant-Appellant.
No. 93-1394.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
Rehearing Denied December 14, 1994.
James L. Babin, Lake Charles, for Beverly Griffin.
Andrew Robinson Johnson, IV, Lake Charles, for South Cent. Bell.
Before GUIDRY, C.J., and DECUIR and PETERS, JJ.
DECUIR, Judge.
This appeal arises from a claim for worker's compensation benefits filed by Beverly Griffin against her employer, Bellsouth Telecommunications, Inc. The Office of Worker's Compensation hearing officer found that no accident or injury had occurred, but nevertheless *707 ordered an evaluation for possible carpal tunnel syndrome. Bellsouth filed a motion for partial new trial which was denied by a successor hearing officer. Bellsouth now appeals both the denial of its motion and the final judgment of the hearing officer regarding further medical evaluation.

FACTS
Beverly Griffin worked as a service representative for Bellsouth. On December 17, 1991, while she worked at her terminal a power outage occurred. Shortly thereafter, she reported to her supervisors that she had sustained a shock and smelled a burnt smell on the tip of her fingers. Neither supervisors could smell the described odor and a service technician could find nothing wrong with her terminal. Griffin completed the day but complained of pain in her right side and numbness in her wrist. As a result, she was directed by her supervisors to see the company physician. She would eventually see several other doctors on her own volition and at the request of Bellsouth. None of these physicians were able to find any evidence of electrical shock.
Eventually, after receiving a solicitation from an Illinois attorney regarding similar cases, Griffin filed this claim for compensation benefits. The hearing officer found that Griffin had failed to carry her burden of proving a work-related accident. In spite of that finding, the hearing officer ordered medical evaluation for possible carpal tunnel syndrome. Bellsouth filed this appeal.

DISCUSSION
Bellsouth argues that the hearing officer erred in ordering further medical evaluation. We agree.
La.R.S. 23:1031(A) provides a right of action for worker's compensation benefits to employees who sustain personal injury arising out of and in the course of employment. The burden of proving such an accident is on the claimant and is a threshold issue to the recovery of compensation benefits. Provost v. Transportation Ins. Co., 524 So.2d 800 (La.App.3d Cir.1988).
The hearing officer in this case found that this burden had not been met. The inquiry should have ended there. We can find no authority nor has any been cited for the hearing officer's decision to order further medical testing.
We are mindful that La.R.S. 23:1031.1 provides a right of action for occupational diseases which include carpal tunnel syndrome. However, the claimant has made no claim of occupational disease. No evidence was produced by claimant that would suggest that she intended to pursue such a claim. The only reference to carpal tunnel syndrome is found in the medical reports of some of the physicians that examined the claimant.
Even if we were to read claimant's complaint to include a claim for benefits arising out of an occupational disease, the burden of proof would remain on claimant to show that her disability was caused by employment related disease. Ford v. Hart Associates, 605 So.2d 713 (La.App.2d Cir.1992). The claimant produced no evidence on this issue, and the evidence presented by Bellsouth suggests that claimant's complaints actually originated with a 1987 automobile accident.
Accordingly, we find that neither the law nor the facts support the judgment of the hearing officer ordering further medical evaluation. Because this finding is dispositive, we will not discuss Bellsouth's remaining assignment.
For the foregoing reasons, the judgment of the hearing officer is reversed insofar as it orders further medical evaluation. The judgment is otherwise affirmed. All costs are assessed against claimant, Beverly Griffin.
Reversed in Part, Affirmed in Part.