hWOODARD, Judge.
The Calcasieu Parish School Board, defendant in a worker’s compensation case, appeals a judgment awarding permanent partial disability benefits. For the following reasons, we affirm.
FACTS
Laurence “Lucy” Jacques was employed by the Calcasieu Parish School Board as a foreign language teacher at Westlake High School. On October 12, 1992, while walking down a row of desks, she caught her foot on a student’s book bag, spun around and slammed the right side of her head and body against the back wall of the classroom and “saw stars.” Two of her students helped her to her feet, after which, one went across the hall to get Mr. Gary Anderson, principal of Westlake High School. She told him what happened, filled out an accident report, and completed her regular schedule of classes. The next day upon her arrival to school, believing that she was experiencing no more than physical soreness from the fall, she told Anderson to tear up the accident report. Thereafter, in the classroom and when she was 12returning a phone call, she noticed that she could not hear in her right ear. Immediately, she made an appointment with her ear, nose and throat specialist, Dr. Keith DeSon-nier, and went to see him that afternoon. After examining her, DeSonnier referred her to Steven Morris, an audiologist from Acadi-an Hearing Services, who examined her the same day and diagnosed her with having a significant hearing loss in her right ear. Once she learned she had a serious injury related to her fall, she filled out another accident report on October 20,1992.
On October 8, 1993, Ms. Jacques filed a claim with the Office of Worker’s Compensation, claiming her hearing loss was a result of head trauma which she suffered when she fell on October 12, 1992. The matter was *1148 tried on June 5, 1995, and judgment was rendered on August 5, 1995, finding in favor of Ms. Jacques. The Calcasieu Parish School Board appeals that judgment.
LAW
It is well-settled that a court of appeal may not set aside a trial court’s finding of fact unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). When findings are based on determinations regarding credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact’s findings; only the fact finder can be aware of the variations and demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what was said. Id.
Bukden of Proof
Defendant-Appellant, Calcasieu Parish School Board, contends that the trial court erred by applying the preponderance of the evidence standard rather than the clear and convincing standard and thereafter concluding that plaintiff carried her burden of proving she suffered a work-related accident. The School Board asserts that the evidence, including various inconsistencies in medical and business records, tardiness in filling out an accident report, and Ms. Jacques’ failure to present additional witnesses, discredits and casts such serious doubt on her version of the facts, making her testimony so suspect as to require her to prove her case by clear and convincing evidence. After a thorough review of the relevant facts in the record, we disagree.
|gA hearing officer’s determination regarding whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual findings which will not be disturbed by an appellate court in the absence of manifest error. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). A claimant in a worker’s compensation case has the burden of proving by a preponderance of the evidence that his disability is causally related to an accident which occurred during the course and scope of his employment. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The claimant’s testimony alone may be sufficient evidence to prove his case if the testimony is plausible, consistent, and corroborated by other circumstances appearing in the record. Borel v. Dynamic Offshore Contractors, 626 So.2d 565 (La.App. 3 Cir.1993), writ denied, 93-2993 (La. 1/28/94); 630 So.2d 801, on appeal after remand, 94 — 1372 (La.App. 3 Cir. 4/5/95); 653 So.2d 115, writ denied, 95-1150 (La. 6/16/95); 655 So.2d 335. However, where a claimant’s testimony is the sole evidence submitted to prove the occurrence of a work-related accident, the claimant must prove his case by clear and convincing evidence. Provost v. Transportation Ins. Co., 524 So.2d 800 (La.App. 3 Cir.1988).
We note that, even though defendant questions the veracity of Jacques’ claim because she did not include evidence from her students regarding the accident, her testimony does not stand alone. In addition to Dr. DeSonnier’s testimony that the sudden hearing loss indicated trauma as the cause more than any gradual diminution in hearing from a preexisting medical problem, the School Board never refuted her assertions that: the students witnessed her fall; immediately after the accident, she told Gary Anderson what happened; he advised her to fill out an accident report, which she did the same day; after a second appointment with DeSonnier, Ms. Jacques contacted the administrator of the School Board’s group health plan to inquire about hearing aid coverage and, after-wards, filled out a second accident report at Anderson’s insistence.
We find that the hearing officer did not err in applying the preponderance of the evidence standard and in finding that Ms. Jacques proved she suffered a work-related accident.
|4Hearing Loss
The School Board contends that the hearing officer erred in finding that Ms. Jacques’ hearing loss was due to a single traumatic accident.
In worker’s compensation cases, a presumption exists that the accident caused the claimant’s disabling condition or aggravated, accelerated, or combined with a preex *1149 isting condition where the claimant proves that before the accident the disabling symptoms had not manifested themselves, that commencing with the accident, the disabling symptoms appeared and manifested themselves, and that there is some medical evidence indicating a reasonable possibility that the accident and the condition are causally related. Walton v. Normandy Village Homes Ass’n Inc., 475 So.2d 320 (La.1985). Once the claimant establishes causation, the burden shifts to the employer to produce evidence to show by a preponderance of the evidence that the injury did not result from the work-related accident or accelerate, aggravate or combine with a preexisting condition. Dunn v. Allen Pulpwood, 565 So.2d 516 (La.App. 2 Cir.1990).
Ms. Jacques had been diagnosed with a mild high-frequency hearing loss in both ears in July 1989. Notwithstanding, Dr. DeSonnier indicated that the fall in October most likely caused the hearing loss in Ms. Jacques’ right ear and the School Board presented no evidence that the condition diagnosed in 1989 more probably than not progressed in Ms. Jacques’ right ear to the point of disability. Therefore, we find this assignment of error without merit.
Compensation
Finally, the School Board contends that Ms. Jacques is not entitled to recover worker’s compensation benefits because the hearing officer failed to make an award of benefits and Ms. Jacques’ hearing loss is not greater than 25 percent.
It is clear from the hearing officer’s written reasons for judgment and from the record taken as a whole that she rendered judgment under La.R.S. 23:1221(4), the statute under which Ms. Jacques’ entire claim rests. This statute provides a compensatory scheme based upon the claimant’s injury. As such, the hearing officer’s failure to set out the award is not fatal.
La.R.S. 23:1221(4)(p) provides compensation for an employee who “suffers a permanent hearing loss solely due to a single traumatic accident.” The loss must Isbe “greater than twenty-five percent.” La.R.S. 23:1221(4)(q). The School Board contends that, under the statute, a permanent hearing loss is not compensable unless it is a binaural loss which is greater than twenty-five percent.
The evidence shows that Ms. Jacques lost more than 25 percent of her hearing in her right ear: Dr. DeSonnier calculated a loss in her right of 28.2 percent; Dr. Mark Williams, who evaluated Ms. Jacques at the behest of the School Board, assigned her a 54.75 percent loss of hearing in her right ear and no loss in her left ear. According to Dr. Williams, the loss of hearing in Ms. Jacques’ right ear resulted in a 9.1 percent overall loss of hearing. Thus, argues the School Board, she is not entitled to compensation.
Defendant’s argument implies that unless there is a loss in both ears, the claimant has suffered no loss. This defies common sense. The purpose of the worker’s compensation statute is to compensate employees for loss. The statute at issue refers to a loss of hearing. It does not qualify this, requiring a binaural loss. Further defendant cites no authority for its interpretation nor was any found. Moreover, our courts have long held that the provisions of the Worker’s Compensation Act are to be liberally construed in favor of the injured employee. City of Crowley v. Comeaux, 93-1116 (La.App. 3 Cir. 4/6/94); 638 So.2d 658, writ denied, 94 — 1184 (La. 6/24/94); 640 So.2d 1355. Accordingly, we find that a permanent hearing loss greater than 25 percent in one ear is compensable under the statute.
CONCLUSION
Accordingly, we affirm the judgment of the hearing officer. The costs of this appeal are assessed against the defendant-appellant, the Calcasieu Parish School Board.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.