liAMY, Judge.
The claimant, Diana M. Gary, appeals the decision of the Office of Workers’ Compensation finding she failed to prove a disability resulting from a work-related accident. For the following reasons, we affirm.
Factual and Procedural Background
The record indicates that the claimant in this workers’ compensation matter, Diana M. Gary,[1] was employed as a cook for the defendant, Econo-Mart # 10 in May 1996. She alleges that, in the course and scope of this employment, she injured her back while moving a seventy pound box of frozen chicken. The testimony taken at trial reveals that the alleged accident was unwitnessed and, further, that the claimant' continued to work after the alleged injury in May 1996. She argues that, although her back hurt thereafter and, in fact, became increasingly painful, she continued to work ^thinking the pain would subside. She testified that, in December 1996, she could no longer tolerate the pain and left her position with Econo-Mart. Several months later, in February 1997, she contacted the defendant requesting benefits for her injury and, according to the defendant, reporting the work-related accident for the first time. The requested benefits were denied.
At the hearing held on the claim, the claimant testified explaining her injury and assigned May 5, 1996 as the date of the accident. When asked how she arrived at this date, she testified that she remembered that, after lifting a box of chicken, her back began hurting during the week of May 3, 1996 and that she had worked a full day on the day she was injured. According to the claimant’s testimony, which was aided by the use of the employer’s time sheets from the week of May 3, 1997, the accident occurred on Sunday, May 5,1997.
Furthermore, the claimant testified that, although she did not officially report her accident, she told her coworkers, Cathy Marks and Diana Marks, as well as her supervisor, Marlene Landry, that she hurt her back while lifting a box of chicken. Each of the co-workers denied such a specific reference. Rather, each of the claimant’s coworkers testified that, although they could recall the claimant’s complaining of back pain while they were working together, only Diana Marks recalled the claimant referencing any type of work-related accident. None recalled a specific reference indicating that the claimant’s back injury was caused by lifting boxes of chicken. Marlene Landry *53 testified that the claimant did not begin to complain of back pain until October or November 1996.
^Following the trial, the workers’ compensation judge concluded that the claimant failed to prove that she suffered a work-related accident. In addition to this finding, which precludes recovery under the workers’ compensation provisions, the workers’ compensation judge further concluded that the claimant failed to prove a disability or a causal connection with a work-related accident. Gary appeals assigning the following as error:
(A) The Trial Court erred in finding that claimant failed to establish that she had a work related accident;
(B) The Trial Court erred in finding that claimant failed to establish any disabilities arising from the work related accident;
(C) The Trial Court erred in finding that claimant failed to establish any causal connection between her disability and the work related accident;
(D) The Trial Court erred in failing to find that the defendant was arbitrary and capricious in its failure to pay compensation and medical benefits.
Discussion
Entitlement to Benefits
In her first three assignments of error, the claimant argues that the workers’ compensation judge erred in concluding that she had not proven her entitlement to benefits. She asserts that no evidence or testimony was presented which contradicts her version of events and that, in the absence of such contradictory evidence, her testimony, alone, should be sufficient proof that her alleged injuries resulted from a work-related accident. Further, the claimant contends that she proved that she was unable to earn wages equal to 90% of her pre-accident wages as she could no longer |4perform manual work and was unsuited to sedentary work due to her lack of skills and education. Finally, she contends that testimony regarding her continuous complaints of pain, coupled with her doctor’s testimony regarding the progression of her condition, are sufficient to have proved the requisite causal connection. As each of these assignments deal with the claimant’s ability to recover benefits pursuant to the workers’ compensation provisions, we will address them together in a single discussion.
“La.R.S. 23:1031(A)[2] provides a right of action for worker’s compensation benefits to employees who sustain personal injury arising out of and in the course of employment. The burden of proving such an accident is on the claimant and is a threshold issue to the recovery of compensation benefits.” Griffin v. South Cent Bell, 93-1394, p. 2 (La.App. 3 Cir. 10/5/94); 645 So.2d 706, 707 citing Provost v. Transportation Ins. Co., 524 So.2d 800 (La.App. 3d Cir.1988).
The type of work-related accident required by La.R.S. 23:1031(A), is defined within the workers’ compensation provisions as follows:
“Accident,” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
La.R.S. 23:1021(1).
| gin the present matter, the workers’ compensation officer concluded that the claimant failed to prove, among other things, that she sustained a work-related accident. In reasons for ruling, he found as follows:
Claimant testified she was involved in the accident on or about May 3, 1996. Claimant testified at trial that she came up with this date only after consulting the doctor about how the accident could have occurred and by picking a date which was prior to a phone call she made to the doctor on May 7, 1996. At trial, claimant *54 testified that when she was deposed on November 5, 1997, she thought she had first reported the accident to her supervisor, Marlene Landry, either on a Friday or a Sunday a couple of days after the accident. She further testified that the accident must have occurred on a Sunday because that is the only day she worked a full day, and the accident had occurred on a full day of work. However, the testimony of the three witnesses listed on claimant’s Disputed Claim for Compensation who were employed by defendant on the date of the alleged accident testified by deposition that at no time did claimant inform them that she had been involved in a work-related accident. The testimony of Marlene Landry, the supervisor; Kathy [sic] Marks, a cashier; and Diana Marks, a cook; is unequivocal on the issue of whether or not the accident was reported in any manner. They testified they were not told at any time either during or after claimant’s employment with defendant that she had been involved in an accident in the cooler or anywhere else. These witnesses did recall periodic complaints of lower back pain, but none of them could pinpoint when the complaints began, and they all stated .unequivocally that the claimant did not relate these complaints to an on-the-job accident.
Claimant attempted to prove the existence of an accident by reference to a phone call she made to the office of Dr. Douglas Sagrera on or about May 7, 1996, to request pain medication for back pain. However, a review [of] Dr. Sagrera’s testimony together with a review of his . chart notes from that date indicate no mention by claimant that her back condition was related to an on-the-job accident. Claimant also testified she did not tell the doctor’s nurse that her problems were .related to an on-the-job injury.
Other than the plaintiffs testimony, there is no credible testimony that plaintiff suffered an on-the-job injury. Furthermore, claimant’s own testimony is replete with contradiction, including indicating. at two separate places on the Disputed Claim for Compensation that she had reported the accident to Scott Wooters. The claimant admits and |6MarIene Landry confirms that Mr. Wooters had not been employed by defendant since mid-January of 1996.
As indicated in the above-related reasons for ruling, the claimant’s recollection regarding her complaints of the injury were contradicted by her co-workers. In addition to the contradictions listed above, we note that, in the claim form instituting this matter, the claimant listed former co-worker Eve Bush as a witness to the accident, as she did Cathy Marks and Diana Marks. However, at trial the claimant testified that she was in the cooler alone at the time of the accident. Furthermore, according to Marlene Landry’s deposition testimony, Eve Bush’s employment with Econo-Mart had ended in January 1996, several months before the alleged accident now at issue. In light of these inconsistencies, we do not find that the workers’ compensation judge was bound to find the claimant’s version of events credible.
While true that a claimant’s testimony, alone, may, in some circumstances, satisfy the claimant’s burden, that situation was not presented in the instant matter. See Bruno v. Harbert Intern., Inc., 593 So.2d 357 (La. 1992).[3] As indicated in the ^reasons for ruling, the claimant’s testimony was contradicted in several instances by that of her co- *55 employees. Accordingly, we find no manifest error in the trial court’s determination that the claimant failed to prove that her alleged injuries resulted from a work-related accident.
The plaintiff also assigns error to the workers’ compensation judge’s determination that she failed to prove that she suffered a disability or that there was a causal connection between an accident and a disability. Although addressed by the workers’ compensation judge, we do not review those findings as the conclusion that there is no work-related accident pursuant to La.R.S. 23:1021 and La.R.S. 23:1031 precludes recovery under the workers’ compensation law in this instance. Thus, the issues of disability and causal connection are never reached. Accordingly, we find no merit in the claimant’s assertions.
Penalties and Attorney’s Fees
The claimant nesct contends that the lower court erred in failing to award penalties and attorney’s fees for the employer’s failure to provide either compensation or medical benefits.
Penalties for failure to provide worker’s compensation benefits are, of course, recoverable if the employee’s claim is not reasonably controverted.[4] Further, |8attorney’s fees may be awarded if the employers actions are found to be arbitrary and capricious.[5] However, in view of the above-related factual background of this matter and our conclusion regarding the claimant’s failure to sustain the requisite burden of proof, we find no error in the denial of penalties and attorney’s fees.
Accordingly, we find this assignment without merit.
DECREE
For the foregoing reasons, the decision of the workers’ compensation judge is affirmed. All costs of this appeal are assigned to the claimant, Diana M. Gary.
AFFIRMED.

. Although referred to as both Diana Gary and Diana Romero in the record, we will refer to the claimant as Diana Gary, as that is the named used in the judgment of the lower court.

. La.R.S. 23:1031(A) provides as follows:
If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.

. The Louisiana Supreme Court has stated as follows:
[A]s in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Id.; Nelson [v. Roadway Express, Inc., 588 So.2d 350 (La. 1991)7, supra. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers’ Compensation, § 253 (2d Ed. 1980). Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; Nelson, supra. Corroboration may also be provided by medical evidence. West, supra.
Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La. 1992).

. La.R.S. 23:1201 provides, in part, as follows:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

. La.R.S. 23:1201.2 provides, in pertinent part, that:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probably cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims....