707 So.2d 1021 (1998)
Kevin MATTHEWS
v.
TAYLOR TEMPORARY, INC.
No. 97-CA-1718.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1998.
Rehearing Denied March 31, 1998.
*1022 Kevin Matthews, New Orleans, Plaintiff-Appellant, in pro. per.
Kristi Stroebel Burnthorne, Metairie, for Defendant-Appellee Taylor Temporary, Inc.
Before KLEES and BYRNES, JJ., and GULOTTA, J. Pro Tem.
KLEES, Judge.
Plaintiff-Appellant, Kevin Matthews, filed a claim with the Office of Workers' Compensation due to an injury sustained in an accident on the job. At the time of the alleged accident Matthews was employed by Taylor Temporary Services Inc., and was assigned to work at the Delta Petroleum Facility performing manual labor. Matthews primary duties were placing seventy-five pound pieces of rubber into a granular cutter, and lifting forty to fifty pound empty barrels onto a platform where the barrels were filled with liquid.
Hearing Officer Gwendolyn F. Thompson issued a Judgment in favor of Defendant-Appellees Taylor Temporary, Inc. and Louisiana Workers' Compensation Corporation. On the sole issue of whether an accident occurred in the course and scope of his employment with Taylor Temporary Inc., the Hearing Officer found that Matthews failed to carry his burden of proof.
The issue on appeal is whether the Hearing Officer properly held that Matthews failed to prove that he suffered an accident, as defined by the Louisiana Workers' Compensation Act, in the course and scope of his employment at Taylor Temporary, Inc..
The standard for review in workers' compensation cases is the manifest errorclearly wrong standard, which precludes the setting aside of a trial court's findings of fact unless they are clearly wrong in light of the record reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. Further, "[t]he trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error." Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La.1992).
The employee in a workers' compensation case has the burden of proving that an accident occurred in the course and scope of his employment, that the accident caused his injury, and that the injury caused his disability. Gonzales v. Babco Farm, Inc., 535 So.2d 822, 823 (La.App. 2 Cir.1988), writ denied, 536 So.2d 1200; Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320, 324 (La.1985). The worker must prove by a preponderance of the evidence that an accident occurred. Bruno, supra, at 361 (La. 1992).
Thus, the threshold issue is to determine if an accident occurred in the course of the claimant's employment. Griffin v. South Central Bell, 93-1394 (La.App. 3rd Cir. 10/5/94), 645 So.2d 706, 707. The Workers' Compensation Act defines "accident" as follows:
an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time *1023 objective findings of an injury which is more than simply a gradual deterioration of progressive degeneration.
La.Rev.Stat. Ann. sec. 23:1021(1) (West 1989 & Supp.1996).
After a careful review of the record, this Court is satisfied that Matthews did not prove by a preponderance of the evidence that he sustained an accident, as defined by the Louisiana Workers' Compensation Act, in the course and scope of his employment with Taylor Temporary, Inc.. Matthews described his alleged accident on Form 1008 as follows: "I was lifting 80 pds of rubber adding up weekly to the amount of 50,000 pounds." At trial Matthews testified that he felt the job duties in general, including lifting and twisting, caused him to develop pain. When asked specifically how he injured his chest, Matthews responded:
QUESTION:
"Explain to the Court in your own words how you injured your chest?"
MATTHEWS:
"Tim Crump would not put the 1300 pounds of solution, or whatever we would place in the conveyor on the second floor. Tim Crump took advantage and would take it and leave it hanging in the air. And I told him, I said, I hurt my chest. You have to take 1300 pounds or more pressured and it has to be mounted. It has to be sitting on something for me to pull 80 to 100 pounds. By the way, I only weigh 138 pounds."
Further, the two witnesses who testified at trial denied any knowledge of Matthews' alleged accident. Based on the record, Matthews failed to identify any "unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently." Thus, even if Matthews did suffer some injury, it is not compensable under the Workers' Compensation Act because an accident did not occur in the course and scope of his employment with Taylor Temporary, Inc..
Thus, the Hearing Officer's finding that Matthews failed to discharge his burden of proof was neither clearly wrong nor manifestly erroneous. The Hearing Officer's finding for the Defendant-Appellees is affirmed.
AFFIRMED.